<hr />

ROBERT LAIDLAW v. CATHERINE L. MORROW.

*Judgment in garnishment—Justice's jurisdiction on substituted service—Intervenors.*

A justice cannot give judgment against a garnishee until after he has rendered a valid judgment against the principal defendant in a cause in which he had jurisdiction.

A justice acquires no jurisdiction over a defendant who does not appear, where the return to the summons only shows that it was served at his last place of residence upon a specified person described as a person of suitable age and discretion, but not as a member of the family, and does not show that it was served in the presence of some one of the family.

The rights of intervenors are in some degree protected in garnishment proceedings in courts of record, but not in justices' courts; and justices have no discretionary authority to interfere in their behalf.

Judgment was rendered against a garnishee by a justice who had never acquired jurisdiction in the principal case, though he had rendered judgment therein, but the garnishee paid the judgment, and being afterwards sued by the assignee of another claim against the principal debtor, interposed her payment of the judgment in garnishment as a defense. *Held,* that as the judgment in the principal case was void, the defense could not be allowed.

Error to Wayne. Submitted Oct. 29. Decided Nov. 9.

ASSUMPSIT. Plaintiff brings error. Reversed.

*S. E. Engle* for plaintiff in error. A justice has no jurisdiction to render judgment on the return day of a summons which has been served only by copy and to which defendant

has not appeared: Comp. L. § 5263; *Vliet v. Westenhaver*
42 Mich. 593; *Smalley v. Lighthall* 37 Mich. 350; *Alverson
v. Dennison* 40 Mich. 180; *Denison v. Smith* 33 Mich.
158; *Ellis v. Fletcher* 40 Mich. 321; *Wells v. Walsh* 25
Mich. 344; *Wight v. Warner* 1 Doug. (Mich.) 384; *Brown
v. Cady* 19 Wend. 477; *Wheeler v. Lampman* 14 Johns.
481; *Thayer v. Tyler* 10 Gray 164; judgment in garnish-
ment cannot be given without a valid judgment against the
principal defendant: Drake on Attachment, §§ 460, 658 *a*
692, 696, 711, ch. 37; *Railroad Company v. Todd* 11
Heisk. 555; *People v. Wayne Circuit Judge* 26 Mich. 100;
*Gaines v. Beirne* 3 Ala. 114; *Leigh v. Smith* 5 Ala. 583;
*Lowry v. Clements* 9 Ala. 422; *Blair v. Rhodes* 5 Ala.
650; *Bostwick v. Beach* 18 Ala. 82; *Case v. Moore* 21 Ala.
761; *Proseus v. Mason* 12 La. 16; *Rose v. Whaley* 14 La.
Ann. 374; *Seawell v. Murphy* Cooke (Tenn.) 479; *Clough
v. Buck* 6 Neb. 343; *Cota v. Ross* 66 Me. 166.

*Maybury & Conely* for defendant in error.

GRAVES, J. Mrs. Morrow was indebted to one Hancock
in the sum of $109 for goods sold and delivered, and Laidlaw,
claiming to have acquired the demand by assignment from
Hancock, sued Mrs. Morrow therefor. She resisted on the
ground that she had been garnished by two of Hancock's
creditors and had been compelled in those proceedings to pay
the demand on their claims. The circuit judge allowed this
defense, and the main question relates to its validity.

The principal cases directly against Hancock and the cases
of garnishment incidental to them were before a justice of
the peace, and the recorded proceedings in all were adduced
in evidence on the trial of this action. The service on Han-
cock in the principal cases was by leaving a copy of the sum-
mons at defendant's last place of abode, and there was no
other process or service and he never made appearance. On
the return day and on the strength of this service the justice
proceeded to hear the cases, and immediately rendered judg-
ments against Hancock.

The summons in garnishment were returnable on the same day as those in the main cases, December 27, 1879 ; and the only evidence of service was a written admission to which was subscribed the name of Mrs. Morrow. She did not appear before the justice, but on being called on at her place of business by the attorney for the plaintiff she there subscribed and made oath to a disclosure which the attorney filed with the justice. She acknowledged in this paper that she was indebted to Hancock in the sum of $113 at the time she was served with process.

A summons to show cause in each case was then issued, returnable December 30th, and the only evidence of service was a written admission bearing her name. She did not appear and no evidence was offered to prove the genuineness of the signature attached to the admission. The usual declarations were made, and thereupon the justice rendered judgment against her on the admission in the disclosure. She never took any objection to the proceedings, and on the 7th of January following the justice issued execution, and Mrs. Morrow on demand by the constable paid the debt to him.

Whether the proceedings in the garnishee suits proper might not be upheld in favor of the garnishee against this collateral attack need not be considered. The court would struggle to save a garnishee acting fairly and in good faith from paying a debt twice.

The law which regulates this proceeding contains many defects, and not the least among them is the want of suitable express provisions for guarding and protecting the rights of garnishees in respect to interests belonging to or claimed by parties other than the garnishee debtor, and for guarding and protecting the rights of parties claiming adversely to the various parties litigating. The act concerning this remedy in courts of record contains a provision bearing on this subject (Comp. L. § 6492), but it is quite partial and imperfect. But those courts from their inherent authority to make rules and apply their power to prevent injustice may to some extent perhaps, supply omissions and ward off mischiefs. The law applicable to justices' courts has no such provi-

sion, and from their constitution and limited authority those tribunals are incapable of any such discretionary power.

In the present case a difficulty appears which cannot be surmounted. The judgments against Hancock, the principal debtor, were void upon their face. They were given on the return of summons served by copy left at defendant's abode, and without any appearance. For the purpose of jurisdiction to render judgment there was no service at all, and there being no appearance, the right depended on service and that exclusively. §§ 5262, 5263, 5350.

The cases against Hancock became discontinued, and the plaintiffs therein have never become his judgment creditors. This appeared on the face of the docket when Mrs. Morrow allowed the proceedings to go on against her and without objection. In permitting this and in subsequently paying the demand she acted at her peril. The law denies jurisdiction to the justice to give judgment against the garnishee when the principal suit has become discontinued and the plaintiff has not become judgment creditor of the principal defendant. There is then no basis for the further prosecution of the case in garnishment. It is only incident to the main case and it must fall when that falls. § 6449.

No further consideration is necessary. The judgment must be reversed with costs and a new trial granted.

CAMPBELL, J., concurred.

MARSTON, C. J. No valid judgment can be rendered in justice's court against a garnishee defendant until after a judgment has been rendered against the principal defendant in a cause wherein the justice had jurisdiction. 2 Comp. L. §§ 6446–6449; *McCloskey v. Judge of Wayne Circuit Court* 26 Mich. 100.

In the principal cases the justice acquired no jurisdiction over the defendant, there being no appearance, because of a defective service of process, as appeared by the return of the

officer. The return, a copy of which is given in the margin,* does not show that Howell was one of the family, or that the copy was left at the defendant's last place of abode, in the presence of some one of the family as the statute requires. § 5262. It may be, had sufficient facts been set forth in the return, that Howell was one of the family within the meaning of the statute, but this we cannot presume.

The judgment must be reversed with costs and a new trial ordered.

The other Justices concurred.

_____

* STATE OF MICHIGAN, COUNTY OF WAYNE, ss:

The defendant not being found, I served the within summons on the twentieth day of December, A. D. 1879, at the city of Detroit, within the said county, by leaving a copy thereof at the defendant's last place of abode, with C. P. Howell, a person of suitable age and discretion, who was informed by me of the contents.

W. W. WITHERSPOON, Constable.