THE LEVIS-ZUKOSKI MERCANTILE COMPANY v. THE EXCHANGE NATIONAL BANK OF EL DORADO, *as Garnishee.*

No. 12,234. (66 Pac. 638.)

SYLLABUS BY THE COURT.

GARNISHMENT—*Action against Garnishee.* In an action against a garnishee, under section 4644 of the General Statutes of 1901, the court did not err in sustaining a demurrer to the evidence filed by the latter, in the absence of proof that the plaintiff had obtained judgment against its debtor in the principal action.

Error from Butler district court; C. W. SHINN, judge. Opinion filed November 9, 1901. Division one. Affirmed.

*I. J. Ringolsky,* and *Hamilton & Leydig,* for plaintiff in error.

*Redden & Kramer,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: The plaintiffs in error sought to charge a bank, as garnishee, by action against it under the provisions of sections 4644 of the General Statutes of 1901, before it had obtained a judgment against the

principal debtor.   The section referred to contains the following :

" No trial shall be had of the garnishee action until the plaintiff shall have judgment in the principal action, and if the defendant have judgment, the garnishee action shall be dismissed with costs."

After plaintiff in error had introduced its evidence in the proceeding against the garnishee, the court sustained a demurer thereto filed by the bank.   There was no error in this.   It devolves upon a party seeking to recover a judgment against a garnishee to show that his demand against his debtor has passed into judgment and is no longer open to dispute; otherwise, after a protracted trial to ascertain the liability of the garnishee, the plaintiff might fail in his action against the principal debtor, thus wasting the time of the court in an immaterial inquiry.   The statute is plain upon the subject and its requirements are based upon sound reason. (*Laidlaw v. Morrow*, 44 Mich. 547, 7 N. W. 191; *Sun Mutual Ins. Co. v. Seeligson & Co.*, 59 Tex. 3; *Washburn v. N. Y. & Vt. M. Co. and Trustee*, 41 Vt. 50; *Lowry et al. v. Clements*, 9 Ala. 422.)   In the first case cited the decision is based upon a statute.   In the others a general principle of law is declared.

The judgment of the court below will be affirmed.

JOHNSTON, GREENE, ELLIS, JJ., concurring.