### Smith, et al. v. Dungey, et al.

(Decided January 18, 1918.)

Appeal from Ballard Circuit Court.

Attachment—Pleading.—In order to have an attachment in a case
where the amount claimed is more than fifty dollars, a written
petition must be filed before the order of attachment is issued.

2. **Attachment—Affidavit for—Amendment.**—A defective affidavit for attachment, if amended, will not relate back to the time of its filing so as to prejudice the rights of intervening attaching creditors.

3. **Attachment—Appeal and Error.**—Although several small claims may not be added to give the court jurisdiction, yet where one attaching creditor has a claim for eight hundred dollars, and three other attachments are issued and served, prior to his, amounting in the aggregate to more than two hundred dollars, and the lower court adjudges the three smaller attachments prior to the greater, this court will entertain the appeal because as to the larger claimant the amount in controversy is the total of the smaller claims adjudged prior to his.

MOCQUOT & CAMPBELL and HENRY F. TURNER for appellants.

M. C. ANDERSON for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Dungey was a merchant in the village of Barlow. He became involved financially and left the state, abandoning the stock of goods. On January 8, 1916, four of his creditors sued out attachments and they were all levied upon this stock of goods and fixtures. The principal question here is one of priority between attaching creditors. J. P. Smith, et al., through their attorney, prepared an attachment suit and filed it in the Ballard circuit court, claiming something more than eight hundred ($800.00) dollars. The process, including the order of attachment, was delivered to the sheriff at four-fifty o'clock p. m., and this order of attachment was executed about six-thirty o'clock p. m. Between three and four o'clock of the same day the other three attaching creditors appeared before a magistrate of the district and made and filed their affidavits for attachments and the magistrate, without a formal petition, issued orders of attachments. Two of these claims were for amounts greater than fifty ($50.00) dollars; the third one was for forty-four ($44.65) dollars and sixty-five cents, and this third order of attachment was issued before the jurat to the pretended affidavit had been signed by the officer administering the oath. In fact the jurat has never been signed. Each of the last three attachments were levied by the officer before that of J. P. Smith, et al. The circuit court adjudged the last three mentioned attachments prior to that of Smith, et al., and Smith, et al., prosecute

this appeal, urging that as the attachments of Hall and Lamkin were each for amounts greater than fifty dollars, and there being no petition filed before the issual of the order of attachment, no action was in fact commenced, and the attachment issued by the justice of peace was void, because under section 194, Civil Code, an attachment may not issue before the commencement of an action. Appellants further insist that the Barlow Mercantile Company's attachment is void because no affidavit at all was filed to support it. If these contentions be true, then the circuit court erred in adjudging the claim of appellants subsequent to that of the other attaching creditors. Under our practice either the affidavit or verified petition filed to obtain an attachment may be amended, but if the affidavit be insufficient and is amended it does not relate back to the time of filing so as to prejudice intervening attaching creditors, but it must be treated as though made and filed on the day the affidavit is so amended. The rule is different with reference to a petition. If the cause of action is defectively stated but the affidavit is sufficient for the attachment, the petition may be amended if no new cause of action be set up, and it will relate back to the time of the filing of the petition. In the cases of Lamkin and Hall the petitions were not filed until some hours after the issual of the summons and attachment. Consequently, no action was commenced because under section 39, Civil Code, "an action is commenced by filing in the office of the clerk of the proper court, a *petition* stating the plaintiff's cause of action; . . . and by causing a summons to be issued or a warning order to be made, thereon." Where the claim is for more than fifty ($50) dollars the pleadings under our code must be in writing. In such case an action is not commenced except by filing a petition and causing summons or warning order to issue. Neither the filing of the petition without the summons or warning order, nor the issual of the summons without a petition will amount to the commencement of an action, under section 39 of the Civil Code, in cases where written pleadings are required. Until an action was commenced no attachment could be issued. An attachment is an incident to an action and not the action itself. "The plaintiff may, *at* or *after* the commencement of an action, have an attachment against the property of the defendant," are the explicit terms of section 194, Civil Code.

The Barlow Mercantile Company filed no affidavit at all although it attempted to do so. The paper which is styled "affidavit," and upon which the attachment was issued in the case of the Barlow Mercantile Company against Dungey, proceeds as follows:

"The plaintiff, Barlow Mercantile Company, states that the claim in this action against W. J. Dungey, is for money due on account, etc." This alleged affidavit is signed "Barlow Mercantile Company by Lloyd Gholsen, Sec." In the first place the Mercantile Company could not make an affidavit, but an affidavit on its behalf could have been made by some of its officers or agents. It is not alleged to be a corporation nor is it styled a partnership. Passing this by for the present, the jurat to this affidavit reads as follows "Sworn to before me by the Barlow Mercantile Company, this the 8th day of January, 1916_____J. P. B. C." No one signed the jurat. In fact, there was no affidavit. Viewed from either aspect, it can not be considered such an affidavit as is contemplated by the Code in attachment proceedings. Without an affidavit or verified petition there could be no attachment.

The question is made that this court has no jurisdiction of this appeal, because the separate claims of Lamkin, Hall and the Barlow Mercantile Company, are each less than the jurisdictional amount and that the claims of the three separate creditors can not be added to give the court jurisdiction. This in part is quite true, but the amount adjudged Smith, et al., is more than eight hundred dollars. The amount realized from the sale of the attached property is three hundred and eighty dollars, out of which the costs must first be paid. The total amount of the three smaller claims is two hundred and twenty-two dollars and ninety-three cents, so that when the costs are paid there will scarcely remain more than enough to satisfy the three smaller claims, if indeed there will be sufficient to do this. Thus considered, the appellants will be deprived of their entire claim for the reason each of the smaller claims are adjudged to be prior to appellants', and as to appellants the amount in controversy is the total sum which will be taken from the attached funds in satisfaction of the three prior claims, because appellants are deprived of this entire sum. Should the whole amount realized from the sale of the attached property be applied to the eight hundred

dollar judgment of Smith, et al., it would yet be unsatisfied. Appellants' contention is that the lesser claims, for the reasons set out above, must be adjudged inferior to their claim because their attachment was the first valid one levied upon the property, and since it takes more than the attached fund to satisfy the appellants' claim, any amount appropriated to the satisfaction of appellees' claims is directly taken from appellants. In other words, the appellants are resisting the appropriation of two hundred and twenty-two dollars and ninety-three cents of the attached funds to the payment of appellees' claims, and, therefore, two hundred and twenty-two dollars and ninety-three cents is in controversy as to Smith, et al. This court in the case of Cabell, Basye & Co. v. Patterson, 98 Ky. 525; where the facts are very similar to the ones under consideration, held that where several small claims, individually, were insufficient to give jurisdiction but the amount of appellants' judgment was greater than the jurisdictional amount, the appeal will be entertained, because it is not the amount which may be awarded out of a fund to an appellee, such as Lamkin, Hall, or the Barlow Mercantile Company, which gives jurisdiction, but the action of the court in denying the appellants' right to a superior lien on the attached property in satisfaction of their judgment. The case of Singletary v. Boerner-Morris Candy Co. &c., 146 Ky. 561, is to the same effect. See also The Hackney Co. v. Noe, 146 Ky. 820. In other words, Smith et al., seek to have applied upon their judgment for eight hundred dollars the entire proceeds of the sale, three hundred and eighty dollars; and, as to Smith, et al., this is the amount in controversy for the reason the lower court denied them this right. As to Lamkin, Hall, or the Barlow Mercantile Company, the amount in controversy is the separate claim of each, because should the court adjudge all the other claims prior to either of these claimants and thus exhaust the entire fund, the claimant thus discounted against, would only lose the amount of his claim, which is less than the jurisdictional amount. The claim asserted by each is less than two hundred dollars, and should a single claim be lost no appeal would lie to this court, the amount being less than two hundred dollars. The appellants, Smith, et al., are in a different attitude. Their claim is eight hundred dollars, and the entire attached fund is insufficient to satisfy the appellants' claim;

and the lower court adjudged that two hundred and twenty-two dollars and ninety-three cents of this amount should be taken from appellants by holding all of the other liens prior to that of appellants, thus directly reducing the fund in court by the total of the several claims of those adjudged prior to appellants to the prejudice of appellants.

For the error of the circuit court in adjudging the attachment of J. P. Smith, et al., subsequent to that of the other attaching creditors, the judgment must be reversed.

Judgment reversed.