No. 24,611.

Stanley Egnatik, *Appellee,* v. The Riverview State Bank of Kansas City, *Appellant.*

SYLLABUS BY THE COURT.

Garnishment—*No Jurisdiction of Defendant—No Judgment Against Defendant—Order that Garnishee Pay Money Into Court Void—No Protection to Garnishee.* An action was commenced before a justice of the peace of Wyandotte county against a resident of Kansas City, Kan. The record does not show that any summons was issued or that the defendant was in any way brought into court. A bank in Kansas City, Kan., was garnisheed and answered that it had money belonging to the defendant. There is no showing that any judgment was rendered against defendant, but the bank was ordered to pay a specified amount into court, which it did, and charged the same to the defendant. Later the defendant sued the bank to recover the money it had paid into court. *Held,* that the garnishment proceedings were void and that payment thereunder did not protect the bank in the action to recover the money.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCH-
INGS, judge. Opinion filed July 7, 1923. Affirmed.

*E. S. McAnany, M. L. Alden,* and *T. M. Van Cleave,* all of Kansas City,
for the appellant.

*J. H. Brady,* and *T. F. Railsback,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action by a depositor against a bank to
recover a balance claimed to be on deposit. The court directed a
verdict for plaintiff and rendered judgment for him and the defend-
ant has appealed.

Plaintiff alleged that he opened an account in the bank on June
20, 1918, and had made deposits and withdrawn money so that at
the time of filing suit on July 31, 1921, he had a balance of $272.45,
which the defendant refused to pay him on demand. Defendant an-
swered, admitting the deposits and withdrawals, and averred:

"The defendant also states that there was charged to said account the sum
of $212.45 on account of the following: One John Kiko commenced an action
before B. W. Beaty, a duly elected, qualified and acting justice of the peace
of Wyandotte township, Wyandotte county, Kansas, against the plaintiff, for
the sum of $200 interest and costs. Said Beaty was succeeded in office by one
L. B. Schump, who was duly elected and qualified. A summons in garnish-
ment issued out of said court in said cause to this defendant and afterwards,
and on or about March 21, 1920, this defendant was required by order of said
court in said cause to pay into said court said sum of $212.45."

Defendant admitted its indebtedness to plaintiff for the balance
of the account, less the $212.45, and offered to pay the same into
court. The reply was a general denial. Upon the trial the defend-
ant offered a certificate from the justice of the peace of Wyandotte
township, Wyandotte county, Kan., showing docket entries in an
action of one John Kiko against Stanley Egnatik, which, omitting
the certificate and succession in the office of the justice of the peace,
is as follows:

"September 11, 1918, plaintiff filed bill of particulars for $200 and costs.
"September 11, 1918, plaintiff filed affidavit in garnishment, Riverview State
Bank, Kansas City, Kansas, garnishee.
"September 11, 1918, summons in garnishment issued.

.    .    .    .    .    .    .    .    .    .    .    .    .

"February 15, 1919, alias summons in garnishment issued to The Riverview
State Bank, Kansas City, Kansas.
"February 15, 1919, alias summons in garnishment returned.

Egnatik v. State Bank.

"Served on The Riverview State Bank by M. A. Summerour, special con-
stable, by delivering copy of alias summons to David J. Shade, assistant
cashier Riverview State Bank.

"February 15, 1919, garnishee Riverview State Bank answered.

"Amount owed defendant $250.

"March 12, 1919, garnishee Riverview State Bank ordered to pay ·into court
$212.45.

"March 12, 1919, garnishee Riverview State Bank paid into court $212.45."

This was objected to for the reason that it did not show that any
service was ever had upon the defendant in that case, nor that any
final judgment had been rendered, and over the objection of the de-
fendant the plaintiff offered evidence that Stanley Egnatik was a
resident of Kansas City, Kan., and had been at all of the dates men-
tioned in the certificate of the justice of the peace. The trial court
sustained the objection to the introduction of the certificate of the
justice of the peace generally and for the specific reason that it
did not show that the justice of the peace had any jurisdiction in an
action against Stanley Egnatik and did not show any service upon,
nor final judgment against him, and instructed the jury to return a
verdict for the plaintiff, which was done and judgment rendered for
plaintiff.

Section 7015 of the General Statutes of 1915 reads as follows:

"In pleading a judgment, or other determination of a court or officer of
special jurisdiction, it shall be sufficient to state that such judgment or deter-
mination was duly given or made; and the' jurisdiction of any such court or
officer shall be presumed until the contrary appears."

Appellant contends that, having plead the order of garnishment of
the justice of the peace, his jurisdiction was presumed, and that by
virtue of section 7278 of the General Statutes of 1915, which makes
certified copies of proceedings before justices of the peace competent
evidence, appellant contends that the court erred in not admitting in
evidence the certificate offered. It will be observed that the answer
of the defendant·did not plead that there was a judgment in the
justice court or that "such judgment or determination was duly
given or made" and the certificate offered from the justice court cer-
tainly does not show that. It does not show that ·there was any
service of summons had or attempted to be had upon the defendant
in that case, nor does it show that any judgment of any kind was
ever rendered against defendant there. It is well settled that a
garnishee is not protected by. paying money into court where there
has been no service upon the principal defendant and no judgment

rendered against him, or where a judgment rendered is void. (20 Cyc. 1146; 28 C. J. 405; *Missouri, K. & T. Rly. Co. v. Hauseley,* 37 Okla. 326; *Levis-Zukoski v. Bank,* 63 Kan. 550; 66 Pac. 638; *Ludvickson v. Bank,* 105 Kan. 225; 182 Pac. 396.)

At all the times mentioned in the proceedings certified to by the justice of the peace there has been a city court in Kansas City, Kan. (Gen. Stat. 1915, §§ 3204-3232.) And in any county in which there is a city court, justices of the peace outside of the city wherein such court is located, do not have jurisdiction of cases in which the defendant resides in such city. (Gen. Stat. 1915, § 7696.) So, upon the evidence offered that Stanley Egnatik had, at all the times mentioned, been a resident of Kansas City, Kan., a city in which there was a city court, it is clear that a justice of the peace in a township outside of the city had no jurisdiction in any case against him. It necessarily follows that if the justice of the peace had no jurisdiction of the defendant in the case brought before him, he could not make a valid order requiring a garnishee to pay money into court. (*Mo. Pac. Rly. Co. v. Sharitt,* 43 Kan. 375, 23 Pac. 430.)

Appellant contends that under the state of the pleadings it was error to admit evidence as to the place of residence of the plaintiff, for the purpose of showing want of jurisdiction of the justice of the peace, the contention being that the answer alleged the justice of the peace had ordered the money paid into court. The plaintiff's reply being a general denial, the issue was simply whether or not the money had been ordered paid in. There can be no merit in this contention. Before a garnishee can justify paying out money in response to an order of the court, it must be made to appear that the court had jurisdiction of the defendant, and that there was a valid service upon him and a valid judgment had been rendered against him. Even if it may be said that the answer was such that the jurisdiction of the justice of the peace would be presumed, which is not true in this case, for the answer did not allege that the judgment or determination had been duly rendered and given, the presumption is one that might be overcome by evidence. If the answer of defendant is construed as making that allegation, then the general denial put that in issue and the evidence was properly received.

Finding no error in the record, the judgment of the court below is affirmed.