## Appleman v. Lynch National Bank, et al.

### Sargent v. Same.

(Decided October 18, 1927.)

### Appeals from Harlan Circuit Court.

1. Attachment.—Purchaser's amended exceptions to report of attachment sale, setting out decree and sale of property thereunder to saitsfy lien for street improvements and asking credit for sale price on purchase-money bonds, were offered in time before court acted on such liens, where original exception, alleging their existence, was filed before confirmation of sale, though not within time granted for exceptions; amendments presenting no new exception, but merely making motion definite.

2.  Attachment.—In maters not regulated by statute or decree, attachment sale is generally under control of officer conducting it, and he has considerable discretion in actual conduct of sale, but must exercise it with due regard to parties' rights.

3.  Attachment.—Purchaser, excepting to report of attachment sale for 60 per cent. of appraised value on ground of street improvement lien, held entitled to file amended exceptions, setting up decree and sale of property thereunder to satisfy such lien, and to introduce proof on question whether master commissioner announced that he was selling property subject to lien, which was not referred to in decree ordering attachment sale.

4.  Atttachment—Where petition for attachment was not verified, nor any affidavit authorizing order of attachment filed, general order of attachment was void, and no one obtained any rights thereunder.

5.  Appeal and Error.—It will be presumed, on appeal by attachment plaintiff awarded some of attached property, that record will uphold such judgment.

6.  Attachment.—Lien of execution, levied under personal judgment on debtor's realty, subject to mortgage liens, held not superior to subsequent attachment lien of one awarded some of attached property by court.

LEE & SNYDER for appellants.

J. C. ADKINS for appellees.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

The above-styled actions are being prosecuted and heard on the same record. The Lynch National Bank sued the Harlan Liberty Coal Company, a partnership, on notes aggregating over $5,000.00, and sought the enforcement of a mortgage lien on certain lots in the town of Evarts. The petition also stated grounds for an order of attachment. The petition was not verified, nevertheless, an order of attachment was issued and served on certain parties who owed rents to the defendant company. The Citizens' Bank was also made a party defendant and it filed an answer and counterclaim setting up notes of over $6,000.00 secured by mortgage on the same and other real estate. A decree was rendered in favor of the lienholders and the property sold under order of court on the 7th day of September, 1925; the appraisement being $20,-000 on all the property covered, and the highest bid offered being $12,500.00, the amount of the two banks' debts, interest, and costs. The sale was reported on the

8th day of September, 1925, and ordered to lay over three days for exceptions. Four days later, on the 12th of that month, the purchaser, Harry Appleman, filed exceptions to the report of sale, in which he alleged there were certain liens existing upon the property in the way of state, county, and school taxes, and for the improvement of streets abutting said property, which he asked to be credited on the sale bond executed by him. The court overruled the exception and confirmed the sale, but took time on the motion relating to liens.

It appears that some time during the summer of 1925 the street in front of some of this property was improved by order of the town at the expense of the property owners. The record does not clearly disclose when this improvement was ordered, but it appears that the decree of sale was entered before the improvement was made; at least no reference is made to the latter in the judgment. Subsequent to the above-described orders the contractor who made the improvements brought suit and in February, 1926, obtained a judgment in rem for the sale of one of the lots purchased by Appleman in satisfaction of his lien. At that sale this lot sold for $500.00, presumably the amount of the lien, interest, etc. At the March, 1926, term of court Appleman offered to file amended exceptions setting out the latter decree and the sale of this property at the sum of $500.00. He also specified the amount of unpaid state, county, and school taxes for the years 1924 and 1925 as being the sum of $88.87 and $88.75, and asked that he be credited by those sums on his purchase money bonds. Thereupon the creditors filed the affidavit of the master commissioner, to the effect that at the time he announced the original sale he was asked whether the lien for street improvements in front of this property would be taken care of out of the sale, and he at that time announced publicly so that it could have been heard by all of those present that the judgment made no provision for street liens, that he had nothing to do with the street lien, and that he was selling the property subject to the street lien, and that thereupon the sale proceeded.

The court refused to permit the amended exceptions to be filed, but they were made a part of the record for the purpose of appeal. On final judgment he disallowed Appleman's claim for street improvements and refused to credit the sale bond therewith. He allowed taxes for

one year's claim and disallowed the other; the record not showing his reasons for so doing. However, no exception was taken to his action in reference to the tax matter, and Appleman only objected, excepted, and prayed an appeal in so far as the court refused to credit the $500.00 improvement lien on the sale bond. As to this it is urged, first, that the order of sale was directed to lay over three days for exceptions, and that his original exceptions were not filed until the fourth, day thereafter, and that when filed it was too indefinite for the court to act upon. However, they were filed before the sale had been confirmed and were perhaps as definite as could then be made. The court took time to consider the matter of liens and his amended exceptions were offered before the court acted upon this question. They presented no new exception and merely made his motion definite; hence we think they were offered in time. If the affidavit of the master commissioner is to be accepted as conclusive evidence, the court did not err in his ruling on this question, as it is well settled that:

"In matters not regulated by statute or the decree, the sale is generally under the control of the officer conducting it and he has considerable discretion in the actual conduct of the sale which he must, however, exercise with due regard to the rights of the parties." 35 3. J 'Judicial Sales,' p 33, section 43; Fisher v. Shanks, 210 Ky. 338, 275 S. W. 803; Crawley v. Manion, 191 Ky. 12, 228 S. W. 1032; Bethurum v. Baker, 166 Ky. 507, 179 S. W. 436; Hughes v. Swope, 88 Ky. 258, 1 S. W. 394; Head v. Clark, 88 Ky. 364, 11 S. W. 203, 10 Ky. Law Rep. 917; Smith v. Newman, 140 Ky. 80, 130 S. W. 953, Ann. Cas. 1912B, 395.

The decree (order of sale) did not refer to the improvement lien. The bidders requested information on this point, and, according to the affidavit of the commissioner, he made the point clear. Such announcement, if made, did not conflict with the judgment and could have prejudiced no one. But what he said was a question of fact, and, as the court did not permit the amended exceptions to be filed, the purchaser could not properly introduce proof on this point. For this reason the case must be reversed as to Appleman, with direction to permit his

amended exceptions to be filed and for the court to hear proof on this point.

2.  The other branch of the case arises in this way. M. A. Sargent sued the Harlan Liberty Coal Company in September, 1925, on an open account of over $2,000.00, and procured a general order of attachment against the same garnishees served in the Lynch bank attachment, to-wit, the Pearce Drug Company and E. H. Widener, who were tenants of the Harlan Liberty Coal Company, and were indebted to it for rents. One of these garnishees filed two reports as to rents due by it and the other filed one report showing such indebtedness. The defendant company controverted the indebtedness, as well as the ground of attachment. Some time previous J. L. Huff had recovered a personal judgment against the Harlan Liberty Coal Company for the sum of $1,002.00. Execution issued and was levied on that company's real estate, subject to the lien debts of the two banks named, supra. On Sargent's motion these various suits were consolidated to ascertain the priority of liens. The court adjudged the two banks a superior lien to the extent of their indebtedness and costs, except as indicated above, and credited the purchaser by one tax receipt. The court also gave J. L. Huff priority over Sargent on two of the items of garnishment, although it allowed the third garnishment to Sargent.

The theory of the court seems to have been that the Lynch National Bank, in addition to its mortgage lien, by its order of attachment acquired a lien on the funds in the hands of the garnishees; that, when the bank's debts were liquidated by the sale of the real estate, Huff, whose execution had been levied on the land subject to the bank's debt, was subrogated to this attachment lien. However, we need not pursue that inquiry, for, as stated above, while the bank had pleaded grounds for an attachment its petition was not verified, and it had never filed any affidavit authorizing the order of attachment; hence the general order of attachment procured by it was void and no one obtained any rights thereunder. The attachment proceedings instituted by Sargent were regular, but it is intimated that the record does not show that the order of attachment was served on the garnishees. However, the garnishees answered and are raising no question as to this. It is also claimed that the Harlan Liberty

Coal Company raised an issue with Sargent as to its indebtedness and that no proof was taken thereon. It will be observed, however, that the only issue before this court is as to the priority of liens, and, as the lower court awarded some of the attached propery to Sargent, it will be presumed that the record will uphold his judgment. It follows that the court improperly awarded Huff a superior lien over Sargent and this branch of the case must also be reversed.

Wherefore the judgment is reversed, and cause remanded for proceedings consistent with this opinion.