## United Collieries, Inc. v. Martin.

(Decided May 2, 1933.)

JOSEPH D. HARKINS for appellant.

COMBS & COMBS for appellee.

Opinion of the Court by Stanley, Commissioner—Reversing.

The appellee, G. R. Martin, filed suit against the Ogle Coal Company to recover $3,000 alleged to be due him as commissions on coal, under the contract considered in Ogle Coal Company v. Martin, 232 Ky. 564, 24 S. W. (2d) 296. A general order of attachment was issued, and on December 27, 1929, a copy was served in Kenton county upon S. D. Moss, as president of United Collieries, Incorporated. The collieries company, a nonresident corporation, moved to quash the return. During the ensuing two and one-half years numerous steps were taken in the suit in relation to the collieries company, as garnishee, but it has continued to claim that it was not before the court, and now insists upon several

grounds that the judgment rendered against it in favor of the plaintiff on June 9, 1932, for $3,000 and interest is erroneous. In view of our conclusions upon another phase of the case, it seems sufficient to say, without discussion, that in our opinion the appellant was before the court by reason of subsequent pleadings.

No separate affidavit for the attachment was filed and it was obtained upon the verified petition. That petition did not meet the mandatory requirements of section 196 of the Civil Code of Practice. It did show that the defendant was a foreign corporation, and the appellee maintains that its general allegations were sufficient to show "the nature of plaintiff's claim" and "the sum which affiant believes the plaintiff ought to recover." The petition did not state that the claim was just. For the opinion, we may yield the doubtful point on the first two propositions in favor of the appellee, for the omission of the third statement made the pleading a defective one. Wilson v. Barrett (Ky.) 115 S. W. 812; Frick & Lindsay v. Lantz & Ogden, 199 Ky. 354, 251 S. W. 196; Lewis v. Browning, 223 Ky. 771, 4 S. W. (2d) 734; Hart County Deposit Bank v. Hatfield, 236 Ky. 725, 33 S. W. (2d) 660. Under the authority of section 268, subd. 2, of the Civil Code of Practice, the plaintiff cured the defect by filing an affidavit stating that his claim was just. According to the record this was not done until July 5, 1932, which was nearly seven months after the attachment and grounds were sustained by the court and nearly a month after the judgment was rendered against the garnishee. But the parties have not raised the point that this was too late, and we may proceed upon the idea that it was waived. As is expressly provided in section 268, subd. 2, of the Civil Code of Practice, the lien created at that time could not affect a bona fide right or lien previously acquired upon the property or debt due the defendant. Hart County Deposit Bank v. Hatfield, supra. So the rights of the parties are to be determined as of the filing of the supplemental affidavit unless (1) the service of process or voluntary appearance of the garnishee in the case had the effect of making it liable, or (2) the rights of an assignee under an intervening assignment by the debtor of the debt in the hands of the garnishee were not acquired in good faith.

When the order of attachment was issued in December, 1929, the garnishee was indebted to the defend-

ant $3,000 or more, and so reported.. However, on February 7, 1930, the Ogle Coal Company, as collateral security for a loan, assigned to the Fletcher-American National Bank of Indianapolis all its right, title, and interest in and to the sum of $4,437.91 owing it by the garnishee herein, the United Collieries Company, as was evidenced by an invoice attached to the assignment. By that document the bank was given specific power to collect the account. On March 24, 1930, the collieries company paid the bank $867.91 on this account, and on November 14, 1930, paid the balance of $3,570. So in the interim between the issuance of the order of attachment and the correcting of the affidavit upon which it was obtained, the bank had acquired an equitable right or lien on the attached property. Forepaugh v. Appold & Sons, 56 Ky. (17 B. Mon.) 625; Philadelphia Veneer & Lumber Company v. Garrison, 160 Ky. 329, 169 S. W. 714; Millett v. Swift, 138 Ky. 408, 128 S. W. 312. By reason of its satisfaction, the garnishee had nothing in its hands belonging to the defendant when the attachment lien was perfected.

The proceeding in garnishment is special and statutory, affording a harsh remedy, and one pursuing it must bring himself within the statute and follow its mandates. The steps are outlined for vesting the court with jurisdiction over the person of the garnishee and the property in his hands belonging to the principal defendant. It is generally held that these provisions are jurisdictional and unless they have been strictly complied with the court has no authority to proceed. Drake on Attachment, sec. 84 et seq.; People's Wayne County Bank v. Stott, 246 Mich. 540, 224 N. W. 352, 64 A. L. R. 427. This court has held that an order of sale on an attachment issued on a defective affidavit is not void but voidable. Paul v. Smith, 82 Ky. 451. The proceeding is irregular and is ineffectual in respect to bona fide liens subsequently acquired on the property until corrected. Pool v. Webster & Co., 60 Ky. (3 Metc.) 278; Smith v. Dungey, 178 Ky. 702, 199 S. W. 777; Appleman v. Lynch National Bank, 221 Ky. 415, 298 S. W. 1097. Cf. Blincoe v. Head, 103 Ky. 106, 44 S. W. 374, 19 Ky. Law Rep. 1742. A distinction is to be noted in this connection where there was merely a defect in the process or its service upon the garnishee and where there was a fatal fault in the foundation upon which the order of attachment was obtained. The garnishee may

waive the defects in the service or form of writ, thereby conferring jurisdiction of the court over his person; but he cannot waive the other essential elements giving control over the res or property of the principal defendant sought to be taken from him. People's Wayne County Bank v. Stott, supra, and authorities cited; Robinson & Co. v. Basham, 6 Ky. Law Rep. 445; Minter Homes Corporation v. Harris, 243 Ky. 210, 47 S. W. (2d) 1013.

The garnishee has the right to raise the question of the validity of the proceeding, particularly where it is sought to make him personally liable by reason of the payment of the fund sought to be subjected. Indeed, self-preservation may require that he do so, for the courts are agreed that if a judgment in a garnishment proceeding is void, as, for example, where there is no jurisdiction acquired, and the garnishee has disposed of the fund, that judgment is no protection against a subsequent action by his creditor or the creditor's assignee to recover the debt. Robertson v. Roberts, 1 A. K. Marsh. 247; Atcheson v. Smith, 42 Ky. (3 B. Mon.) 502; Egnatik v. Riverview State Bank, 114 Kan. 105, 216 P. 1100, 49 A. L. R. 1409; Ahrens & Ott Mfg. Co. v. Patton Sash, Door & Building Company, 94 Ga. 247, 21 S. E. 523; Cromwell v. Royal Canadian Insurance Company, 49 Md. 366, 33 Am. Rep. 258; and 29 C. J. 202, 214. But Drake on Attachment, sec. 691 et seq., holds that the garnishee is not required to look to the matter of jurisdiction if the principal defendant is personally before the court.

The liability of a garnishee who, pending the proceeding, lets go the fund or property in his possession to the defendant or a third person, does not attach where he discharges a lien on it superior or prior to the attachment lien. 28 C. J. 265; Puget Sound Machinery Depot v. Pearson, 99 Wash. 362, 169 P. 847; Dolenty v. Rocky Mountain Bell Telephone Company, 41 Mont. 105, 108 P. 921. And in Millett v. Swift, 138 Ky. 408, 128 S. W. 312, it was held that a garnishee is entitled to credit on what he owed the defendant for the amount of a past-due note for which he had become liable, the garnishee having in the meantime paid the note.

It is, therefore, concluded that there is no personal liability of the garnishee for the fund paid out by it on

the defendant's assignment to the bank after the commencement of the proceeding but before its perfection by the filing of the affidavit, unless there was a collusive fraud on its part and it knew that the lien of the bank was not bona fide.

By an amended petition the collieries company and the bank were made parties defendant to this action and charged with fraud and collusion with the Ogle Coal Company in the matter. If the coal company and the bank were before the court at all, it was by constructive service and neither made an appearance. The evidence upon this point heard orally by the court developed the facts above outlined. It was further developed that the coal company and the bank had notified the collieries company of the assignment by letters, of March 1st and 3d, respectively. This was nearly a month after it had been made, and the delay might be regarded as a circumstance tending to negative fraud in order to defeat plaintiff's claim. It was upon request of the bank that the first sum was paid it as above stated. A sufficient amount to cover plaintiff's claim was retained. Thereafter the bank filed suit in the United States court at Indianapolis against the collieries company to recover the balance. But it appears to have been paid before the judgment. It is suspected by the appellee that the appellant had voluntarily submitted itself to the jurisdiction of that court, as it was a Delaware corporation with its principal office in Ohio. However, the evidence is that it was doing business in Indiana, and there is little basis for the suspicion. Again, collusion of the appellant is suspected because the bank failed to put in its voluntary appearance and assert its innocence. The plaintiff assumed to prove its charge of bad faith and the bank was within its rights in looking the other way and remaining silent. Whatever technical grounds the plaintiff had for objecting to the manner in which the purported copy of the assignment of the coal company to the bank was proved and put in the record were waived by not excepting to the ruling of the court on his objection. Notes to section 333, Civil Code of Practice. It would seem obvious that the charge of fraud and bad faith was not sustained.

For the reasons given the judgment should have gone in favor of the appellant.

The judgment appealed from is reversed.