Steven D. GOLDBERG and Jane Goldberg, Plaintiffs, Appellants,

v.

John TARPEY, Lester Wilson, and Smarty Little, Inc., Defendants, Appellees.

Supreme Court of Delaware.

Submitted June 3, 1980.

Decided Aug. 19, 1980.

Michael J. Goodrick, Wilmington (argued) of Theisen, Lank, Mulford & Goldberg, P. A., Wilmington, for plaintiffs–appellants.

William J. Wier, Wilmington (argued) and Terry Curtis Seningen of Bader, Dorsey & Kreshtool, Wilmington, for defendants–appellees.

Before DUFFY, QUILLEN and HORSEY, JJ.

DUFFY, Justice:

The central issue in this appeal concerns the standing of a party to move to quash a Writ of Foreign Attachment.

## I

The relevant facts are as follows:

Steven D. Goldberg and Jane Goldberg (plaintiffs), John Tarpey and Lester Wilson (defendants), and one other individual were the owners of all the outstanding stock of Smarty Little, Inc., a Delaware corporation engaged in the retail sale of shoes. Plaintiffs sold their interest in the corporation to Tarpey and Wilson, and received in partial payment a note secured by the inventory and stock of Smarty Little; plaintiffs allege that a balance of about $9,400 is owed to them on the note.

Because business was poor, the owner of the premises on which the corporation conducted its business arranged with Tarpey and Wilson (who were officers of Smarty Little and managed its affairs) to buy back the lease.

The landlord delivered a check in the agreed amount to Robert Jacobs, Esquire,

of Bader, Dorsey & Kreshtool, counsel for Smarty Little. Tarpey and Wilson were the payees of the check and, after they had endorsed it, Jacobs deposited the check in his firm's account.

Plaintiffs obtained from the Superior Court a Writ of Foreign Attachment against Tarpey and Wilson, attaching the check and/or the proceeds thereof. Both defendants were non–residents of Delaware. See 10 *Del.C.* § 3506. By the Writ, plaintiffs sought to acquire jurisdiction over Tarpey and Wilson, on the premise that plaintiffs had a good cause of action against them for the balance due on the note. To establish jurisdiction under § 3506, plaintiffs must prove that Tarpey and Wilson, respectively, are non–residents of Delaware and that each has an interest in the property attached.[1] *Blaustein v. Standard Oil Co.,* Del.Super., 56 A.2d 772, 781 (1947).

Wilson moved to quash the Writ on the ground that one of the conditions for its issuance had not been fulfilled, that is, neither he nor Tarpey had any interest in the proceeds of the check which amounted to some $9,362 (the *res*). The law firm of Bader, Dorsey & Kreshtool, which had custody of the *res*, joined the motion to quash, citing, *inter alia*, its interest in turning over the proceeds to the persons lawfully entitled to them.

After hearing, the Superior Court held that Tarpey and Wilson and the law firm had standing to contest the Writ and, because the proceeds were the property of Smarty Little, the Writ must be quashed.

Plaintiffs docketed this appeal, arguing that neither Wilson nor the law firm had standing to contest the Writ. (Tarpey has not participated in the appeal.) Thus, plaintiffs say, the Trial Court did not have a legal basis for quashing the Writ, because it was "not appropriate for the Court to inquire into the title to the property seized" when such inquiry did not originate with a person prejudiced.

---

1. In this appeal we are not concerned with due process or any other Constitutional requirement.

## II

In our view, the law firm had standing to oppose the Writ.[2] First, it is not contested that Bader, Dorsey & Kreshtool was acting as a garnishee; it was a stakeholder, charged with legal custody and preservation of the property which is in dispute. 6 Am.Jur.2d *Attachment and Garnishment* § 511. Second, under general law, when there is a jurisdictional defect in an attachment proceeding, a garnishee has standing to raise that defect in the form of a motion to quash the Writ. 6 Am.Jur.2d, supra § 362; 41 A.L.R.2d *Garnishee–Conferring Jurisdiction* § 15. And finally, that is the factual situation established in this case. This is to say that there is sufficient evidence to support the Trial Court's factual finding, which plaintiffs did not contest, that the *res* was the property of Smarty Little. *Oliver B. Cannon & Sons, Inc. v. Dorr–Oliver, Inc.*, Del.Supr., 336 A.2d 211, 213 (1975).

Because jurisdiction is acquired by foreign attachment only "when property *of the non–resident defendant* is properly attached," *Kaiser–Frazer Corp. v. Eaton*, Del. Super., 85 A.2d 752, 756 (1952) (emphasis added), *Blaustein v. Standard Oil Co.*, supra, a jurisdictional defect existed and the law firm had standing to raise it. Cf. *United Collieries v. Martin*, Ky.Ct.App., 248 Ky. 808, 60 S.W.2d 125 (1933); *Cole v. Randall Park Holding Co.*, Md.Ct.App., 201 Md. 616, 95 A.2d 273 (1953); *St. Louis & S. F. R. Co. v. Crews*, Okla.Super., 51 Okl. 144, 151 P. 879 (1915). Thus, the Superior Court's ruling was correct a a matter of law.[3]

Affirmed.

---

2. It should be noted that the Internal Revenue Service has filed a tax lien against Smarty Little on funds in the custody of the garnishee.

3. In view of this conclusion, it is unnecessary for us to consider whether Wilson had standing to contest the attachment.