Menderson, &c., v. Specker, &c.

CASE 106—ORDINARY—OCTOBER 8, 1881.

# Menderson, &c., v. Specker, &c.

APPEAL FROM BOURBON CIRCUIT COURT.

1. An attachment must be executed by the officer to whom it is directed, and cannot, like a summons, be executed by any officer to whom it might have been directed.

2. A garnishee must be served with a copy of the order of attachment, together with a notice specifying the debt or demand sought to be garnisheed; otherwise, no lien will be created.

ROSS & KENNEDY FOR APPELLANTS.

1. Subsection 3 of section 203 of the Civil Code does not require a notice to the garnishee specifying the debt or demand sought to be garnisheed.

2. An order of attachment can be served only by the officer to whom it is directed, and not by any officer to whom it might have been directed. (Civil Code, sec. 40; subsec. 1, sec. 47; sec. 199; subsecs. 1 and 2 of sec. 867; Boaz v. Nail, 2 Met., 246-7.)

BUCKLER & PATON FOR APPELLEES.

1. A constable may execute an order of attachment, although it be directed to the sheriff. (Turner v. Howard, 2 Duv., 112; Long v. Gaines, 4 Bush, 355.)

2. In order to create a lien, the garnishee must be served with a copy of the order of attachment, and with a notice specifying the debt or demand sought to be garnisheed. (Civil Code, subsec. 3, sec. 203; sec. 212.)

3. One attaching creditor can show that another creditor's attachment has not been properly executed. (Peters v. Conway, 4 Bush, 570.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The appellees, on the 17th of February, caused a general attachment against the property of Maddox to be issued and

*directed to the sheriff*, which was on that day served upon Boyd as garnishee by *a constable*.

On the next day thereafter the appellants also sued out an attachment against Maddox's property, and had it directed to the *sheriff* or any *constable*.

It was served upon Boyd by a constable, who delivered to him *a copy* of the attachment.

Thereupon the appellees caused a second attachment to issue directed to the *sheriff*, who executed it upon Boyd by ·delivering to him a copy of the attachment, with a notice .specifying the debt attached indorsed on the back of it.

Boyd paid the amount of the debt owing by him to Maddox into court, and it was adjudged that appellees had ·obtained priority, to the fund under their attachment, over ·the appellants who prosecute this appeal to reverse that judgment.

Any officer to whom the summons is or might have been ·directed may serve it according to section 47, Civil Code; but this is not the case with reference to the service of .attachments, as there is no provision of the Code which .authorizes *the service* of an attachment by any officer to ·whom it might have been directed, but to whom it is not in fact directed.

The absence of such a provision applicable to attachments, taken in connection with the fact that there is such a provision found in section 47 applicable to summonses, tends .strongly to the conclusion that the legislature did not intend to authorize the *execution* of an attachment by any other ·officer than those to whom it is directed.

And this position is strengthened by subsection 2 of section 667, which expressly provides that an order for a provisional remedy may, at the request of the party in whose

behalf it is issued, *be directed* to any of the officers named in the first subsection, who is not a party to, nor interested in, the action. The officers named in the first subsection are sheriff, coroner, jailer, and constable.

It must therefore follow that the service of appellees' first attachment by the *constable*, when it was alone *directed* to the sheriff, was illegal.

As appellees' second attachment, and appellants' only attachment, were each executed by the officer to whom it was *directed*, the question of priority must be determined by the *manner* in which the attachments were executed.

Subsection 3 of section 203, Civil Code, provides that an order of attachment shall be executed "upon other personal property (meaning such as is incapable of manual delivery) by delivering a copy of the order, with a notice specifying the property attached, to the person holding it, or *as to a debt or demand*, to the person owing it."

This subsection is intended to supply the holder of such property attached, or a debtor owing a debt or demand which is sought to be garnisheed, with notice of what property, debt, or demand is attached or garnisheed, and until such notice is served, it cannot be said that the attachment is legally executed.

And we are not inclined to enter into a discussion of the reasonableness of the statute as the law is thus written.

But in view of the certainty and protection to all parties interested, that must necessarily follow a literal compliance with the provision named, we can see no great hardship in enforcing its imperative requirements.

As the execution of appellees' second attachment was accompanied by the statutory notice, they were properly

adjudged priority over the appellants, whose attachment was not executed in conformity to the subsection named.

Judgment affirmed.