PADUCAH LUMBER COMPANY *v.* LANGSTAFF, ORME & COMPANY.

[Abstract Kentucky Law Reporter, Vol. 6—445.]

**Garnishee Proceeding.**

 Where in an action of attachment a garnishee notice is served on a third person and he answers admitting his indebtedness to the defendant, a subsequent attachment plaintiff, by serving a garnishee notice on the garnishee in the former proceeding, will not secure priority on account of the garnishee notice first served not being in proper form; and if the party garnisheed acts in good faith and appears to the notice by filing his answer, and there is no collusion, the garnishment will stand.

APPEAL FROM McCRACKEN CIRCUIT COURT.

December 13, 1884.

OPINION BY JUDGE PRYOR:

In February, 1881, the Paducah Lumber Company instituted its action against the Paducah Fair & Jockey Club Association on demands exceeding twelve hundred dollars. An order of general attachment was obtained, the officer returning on the attachment that he had summoned the Home Insurance Company as garnishee. This insurance company was indebted to the association in the sum of $700 and when summoned answered in the action of the appellant admitting the indebtedness. The attachment was sustained, but on · motion of the association the order sustaining it was set aside. The appellees having a claim against the association obtained a general attachment in March, 1882, and garnisheed the same fund in the hands of the insurance company that had been garnisheed or had been attempted to be garnisheed by·the appellant. The court below held that the last attachment issued created the lien although it was not served on the garnishee until. after it had answered in the action

of appellant. The court proceeded on the idea that on the last attachment (in favor of the appellee) was endorsed the object of the garnishee, viz: to garnishee this particular indebtedness owing by the insurance company to the association for the payment of appellee's debt, while on the first attachment the company was only notified to answer as garnishee. If the garnishee had not answered in the case of *Wenderson v. Spicker* there would be no difficulty in sustaining the judgment below but here the answer was filed some months before the appellee's attachment issued. That answer identified the property or money attached and the debtor recognized the fact that it had been attached by answering and admitting the indebtedness.

It was a lis pendens and although the service on the garnishee was defective, when he answered this defect was cured, no one else intervening by which a superior lien was created. The association, which was the debtor to appellant, was before the court and the debtor to the association having been summoned or having answered was also in court. The object of the attachment, or rather the endorsement thereon when you desire to garnishee, is to identify the property attached and to notify the debtor that it is looked to in order to satisfy the plaintiff's demand. This, however, may be waived by the party who is summoned to answer as garnishee only by answering and admitting his indebtedness. Nor can we perceive how such a rule is to be fraught with evil in this character of litigation.

The creditor, the garnishee, and the debtor are all in court, and if they are combining to defraud others it may be shown, but if the creditor's demand is valid and the garnishee owes the debtor the proceeding is all proper and one who comes in after these parties who are all in court, has no right to complain that an appearance has been entered unless it has been done for a fraudulent purpose. This court in the case of the *Bank of Paducah v. Gardner*, 12 Ky. Opin. 458, has decided this question. We perceive no reason why any one served with process, whether defective or void, may not enter his appearance to the action by answer and thus create a lis pendens, not to affect priorities in liens previously acquired but it must if a lis pendens affects those who are seeking a preference by reason of rights arising after the lis pendens. If the parties to the action are acting fraudulently it presents a different question. The priority should have been given the appellant in this case.

Judgment *reversed* and cause remanded for proceedings consistent with this opinion.

*Gilbert & Reed, Wm. Lindsay, for appellant.*

*Henry Burnett, for appellees.*