Case 11—PETITION ORDINARY—March 6.

# Bell v. Wood, &c.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. Weight Given to Judgment of Lower Court.—Where the law and facts in an ordinary action are submitted to the court, its findings of facts are to be treated as the verdict of a properly instructed jury, and will not be disturbed unless palpably against the evidence.

2. Release of Judgment—Effect on Lien.—Where a creditor of the plaintiff in a judgment has obtained a lien upon the judgment by attachment, an agreement by the plaintiff to release his judgment, entered into after the lien attached, will not be enforced as against the attaching creditor, there being no valid defense against the judgment at the time the lien was created.

3. Garnishment—Notice.—In order to execute an attachment upon a debt it is not necessary that the notice served upon the garnishee should describe the debt sought to be attached; and this was true prior to the amendment of May 15, 1886, to section 203 of the Code. Menderson v. Specker, etc., 79 Ky., 509, overruled.

R. W. SLACK and RICHARDS & HINES for appellant.

Briefs not in record.

WEIR, WEIR & WALKER for appellees.

1. The service of the attachment was sufficient. In order to attach a demand due the defendant, it is not necessary to serve upon the garnishee a notice *specifying* the demand. (Civil Code, sections 203, 205, 212, 223, 224, 225, 226, 327; Drake on Attachments, section 451; Sergeant on Attachments, pages 14, 15; Brashear v. West, 7 Peters, 620; Smith v. Gower, 3 Met., 175; Griswold v. Popham, 1 Duv., 170.)

Bell v. Wood, &c.

The case of Menderson v. Specker, 79 Ky., 509, was unlike this case, but if not, that case should be overruled.

2. After issue joined and judgment, appellant can not complain of irregularity in process or proceeding. (Duff v. Combs, 8 B. M., 386; Rives' Executor v. Rives, 4 J. J. M., 535; Drake on Attachments, section 451c.)

3. The attorneys for Norris had a lien on the judgment recovered against Bell, and this lien could not be defeated by any act of the parties. (Wood v. Anders, 5 Bush, 602; Robertson v. Shutt, 9 Bush, 660; General Statutes, chapter 5, section 15.)

4. It is immaterial whether a lien was had upon the judgment by the mere process in the action; it is sufficient that this action was pending at the compromise, and that the parties had notice of the action and the object of it. (Biggs, &c., v. Kouns, 7 Dana, 412.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

At the March term, 1882, of the Daviess Circuit Court, upon issues joined between J. B. Norris, as plaintiff, and the appellant as defendant, the jury rendered a verdict in favor of J. B. Norris for one hundred and ninety-six dollars. The circuit court rendered judgment upon this verdict. The appellant superseded said judgment and appealed to the Superior Court.

The appellee, Wood, on the eleventh day of September, 1882, filed his petition in equity in the Daviess Circuit Court against J. B. Norris and the appellant. The petition alleged that Norris was indebted to the appellee, Wood, on a note for one hundred and five dollars; that Norris was a non-resident of the State; that the appellant was indebted to Norris in a sum more than sufficient to pay said debt. On this petition, the proper allegations having been made, and bond executed, an order of general attachment was issued September 11, 1882. Summons having been issued on the same day against the appellant, it was

served on him the next day. The order of attachment having been issued on the eleventh of September, 1882, a copy of it was served on the appellant as garnishee on the next day.

The clerk of the Daviess Circuit Court indorsed on the back of the summons as follows: "The object of this action is to subject to the payment of the plaintiff A. C. Wood's debt of one hundred and five dollars, with interest from December 21, 1880, and thirty dollars, the probable cost of this action, any money or property belonging to the defendant, J. B. Norris, or due him, and to especially so subject any amount due him by the defendant, J. H. Bell, or any indebtedness from the said Bell to said Norris.

"Attest:                    F. F. Conway, *Clerk*."

When the appellee's petition was filed and the order of attachment and summons were issued and served on the appellant, the appellant's appeal against Norris was pending in the Superior Court, where it remained undisposed of until March, 1884, when the same, without having been tried by the Superior Court, was dismissed settled. Afterwards, the appellant filed his answer to the appellee's petition and amended petition; a demurrer was sustained to the answer, and an amended answer was filed.

The defenses relied on in the answer and amended answer were: 1. Matters of set-off against Norris. 2. A compromise between him and Norris of the judgment attached by the appellee, Wood.

The lower court, upon the hearing, by the request of the appellant, separated its conclusions of law from its finding of fact.

In reference to the matters of set-off, the court found that the jury, in the case of Norris against the appellant, considered these matters ; also, that Norris and the appellant agreed that the amount due by Norris to the appellant for rent was twenty-four dollars, which sum, by agreement, was credited on the judgment for one hundred and ninety-six dollars in favor of Norris against the appellant.  This finding of fact by the lower court must be treated by this court as the verdict of a properly instructed jury, which we, as has been repeatedly decided, can not reverse, unless the finding is palpably against the weight of the evidence.  We have repeated this proposition so often— both in published and manuscript opinions—that an attempt to induce us to change or relax the rule, in a case like this, is a work of supererogation.

We can not say that the finding of the lower court in reference to these matters of set-off is palpably against the weight of the evidence.

On the twenty-fourth day of November, 1883, and while the case of the appellant against Norris was pending in the Superior Court, the appellant and Norris entered into a written agreement, by which Norris agreed to release his judgment against the appellant, and to waive all claim for damages on the supersedeas bond executed by the appellant, etc.  In consideration of which, the appellant agreed to dismiss his appeal in the Superior Court, and to save Lostutter harmless by reason of his being bound as the surety of Norris on a bond for cost, executed by said Norris in the action as a non-resident plaintiff.  Upon the execution of this agreement, the appellant dismissed his

appeal in the Superior Court. It is to be observed that this agreement was executed and the appeal was dismissed after the appellant was summoned as garnishee to answer the appellee's action in the Daviess Circuit Court. The question is, was this compromise agreement effectual as against the appellee's claim?

That said agreement was binding as between the appellant and Norris is conceded. But the agreement, stripped of its verbiage, was to the effect that Norris, in consideration of the appellant's agreeing to save Lostutter harmless as the surety of Norris on his bond as a non-resident, was to release the appellant from the payment of said judgment. At the time the agreement was made the appellee, by the garnishment, had acquired a lien upon the judgment for the payment of his debt; which lien the appellant and Norris could not defeat by an agreement based upon the consideration set forth in the agreement. Of course, any valid defense against the judgment that the appellant might have had at the time the summons to answer as garnishee was placed in the sheriff's hands, would have been an available defense against the lien of the appellant upon the judgment; but the compromise agreement was based upon a consideration which could only arise by the terms of the agreement, without which the matters therein agreed upon could not have been used as a subsisting defense at the time the lien was created.

It is also contended, that as the service of the order of attachment upon the appellant to answer as garnishee was not accompanied with a notice specifying the debt that the appellee sought to garnishee, the service of the order was void, and, therefore, no lien was created on the debt.

Bell v. Wood, &c.

By section 203 of the Civil Code it is provided: "The order of attachment shall be executed by the sheriff in the following manner: 1. Upon real property, by leaving with the occupant thereof a copy of the order. 2. Upon personal property capable of manual delivery, by taking it into his custody. 3. Upon other personal property, by delivering a copy of the order, with a notice specifying the property attached, to the person holding it, or, as to a debt or demand, to the person owing it." According to the language of the Code, it is the sheriff's duty to give whatever notice is required by the third subsection. When it is the duty of the sheriff to levy upon personal property not capable of manual delivery, such property may be in the possession of a person other than the defendant, and it would be important for such person to know what property is attached. It is, therefore, the duty of the sheriff to give him a notice specifying such property. Also, if such property is in the possession of the defendant, the sheriff must give him a notice specifying it. The reason of the requirement is plain; for instance, if the sheriff should levy upon one of several fields of corn, it would be his duty to notify the defendant or other person in possession which one of the fields of corn he had levied on, in order that the defendant or other person in possession might not render himself liable for gathering or disposing of that particular corn. But no reason exists for giving notice specifying the particular debt or demand to the person owing it. Such requirement would render it impracticable in a large majority of cases to garnishee debts or demands. For the plaintiff would not know, nor have the means

of ascertaining, the amount or nature of the debt that the garnishee owed the defendant; for instance, the defendant, as a merchant, might have unrendered accounts against hundreds of persons; in such a case, it would probably be wholly impracticable for the plaintiff to ascertain and specify the amount of the indebtedness of such of these persons as he wished to garnishee. Also, the relation between debtor and creditor is usually a private one, and correct information as to the amount or nature of the indebtedness can usually be obtained from only one or the other, and neither is under legal obligation to make the fact known to the plaintiff. Therefore, to require a notice to the garnishee, specifying the debt that he owed to the defendant, would usually defeat the speedy provisional remedy given to the plaintiff by the Code of Practice as a security for his debt.

For these reasons, we are of the opinion that the section of the Code *supra* does not require that notice shall be given to the garnishee specifying the debt or demand owing by him to the defendant.

Besides, the grammatical construction of the section of the Code *supra* is in harmony with the foregoing views ; for the expression "with a notice specifying the property attached," is a parenthetical clause, which refers to and modifies the antecedent and not the subsequent clause in said subsection. Besides, by an act approved May 15, 1886, the Legislature interpreted said subsection by adding words showing that no notice was required to be given to the garnishee specifying the debt or demand owing by him to the defendant.

The case of Menderson v. Specker, &c., 79 Ky., 509,

which the Superior Court followed in this case, is, in so far as it conflicts with this opinion, overruled.

We think that the judgment of the lower court, subjecting said judgment to the payment of the appellee's debt, and allowing Norris's attorney a prior lien on said judgment, is correct.

The judgment is affirmed.