## Browning v. Crawford.

(Decided November 9, 1911.)

### Appeal from the Anderson Circuit Court.

1. Landlord and Tenant—Advancements to Tenant.—The landlord who makes advances to a tenant upon an agreement that he shall have a lien upon the crop of the tenant therefor may after 120 days from the end of the term, enforce his common law lien.

.2. Lien Creditors—Attachment Levy.—A lien creditor may take out a general attachment and levy it upon the property upon which he has a lien. The case of Garr Scott & Co. v. Lyons, 99 Ky. 672, is overruled.

·LILLARD CARTER for appellant.

F. R. FELAND and W. H. MORGAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

In March, 1909, Charles Browning entered into an oral renting contract with J. C. Crawford for a term beginning in March, 1909. By the contract Crawford was to furnish Browning a house in which to live, about twelve acres of land to be cultivated in tobacco and about fifteen acres to be cultivated in corn. Browning was to cultivate the corn; each was to have one-half the crop. Browning was to cultivate, house and strip the tobacco, and each of them was to have one-half of it; Browning was to furnish the teams necessary to the cultivation of the crops and all the labor necessary. Crawford was to furnish a barn for storing the tobacco. Browning moved into the house; it became necessary for him to procure a team; he purchased two horses for $180, and executed his notes therefor, Crawford becoming his surety on the notes. When the notes became due, Browning not being able to pay them, they were paid by Crawford. Browning was without means to procure the necessities for the support of his family while cultivating the crops, and at his instance, Crawford made arrangements with a merchant under which Browning got what he needed on Crawford's credit, and Browning being unable to pay the bill, which amounted to $324.78, Crawford paid it. On September 1, 1910, all the crop of tobacco remaining unsold was pooled by them with the Burley Tobacco Society and the tobacco was delivered

by Browning to the Anderson County Board of Control, which agreed to handle and sell the tobacco for them; and issued its warehouse receipt therefor to Browning and Crawford, the receipt being delivered to Browning. On September 2, or the next day, Crawford filed this action asking a judgment against Browning for the money he had paid out for him, $504.78. He alleged in his petition facts showing that he had a lien on Browning's half of the tobacco to secure the debt. He also alleged facts upon which an injunction was granted enjoining Browning from disposing of the warehouse receipt. An affidavit for a general attachment was filed and the general attachment was issued which was executed by delivering a copy to the Anderson County Board of Control with a notice stating the object of the attachment. The defendant by his answer did not controvert the grounds of attachment or the grounds of the injunction, but denied that the plaintiff had any lien on the tobacco, pleading that the term had expired more than 120 days before the action was begun. Section 2323 Ky. St. is as follows:

"A landlord shall have a superior lien, against which the tenant shall not be entitled to any exemption, upon the whole crop of the tenant raised upon the leased or rented premises to reimburse him for money or property furnished to the tenant to enable him to raise the crop, or to subsist while carrying out his contract of tenancy. But the lien of the landlord shall not continue for more than one hundred and twenty days after the expiration of the term, and if the property upon which there is a lien be removed openly from the leased premises, and without fraudulent intent and not returned, the landlord shall have a superior lien upon the property so removed for fifteen days from the date of its removal, and may enforce his lien against the property whenever found."

The court on final hearing entered a judgment in favor of Crawford; Browning appeals.

It is insisted for Browning that the term of his contract was for one year and expired in March, 1910, or more than four months before the action was brought in September 1910, and that therefore Crawford had no lien on the crop under the statute. It is insisted for Crawford that Browning was to cultivate, house and strip the tobacco; that the term so far as the tobacco was concerned did not end until the tobacco was ready for market, and that Crawford did not lose his lien while the

tobacco was in his possession in his barn on his farm. We do not deem it necessary for the purposes of this case to construe the statute. Under the contract Crawford and Browning were joint owners of the tobacco, and under the contract Crawford had a lien upon Browning's half of the tobacco for his advance. This lien was independent of the statute and was not affected by the fact that the owners by mutual consent delivered the joint property to the Anderson County Board of Control; for the tobacco was delivered to the Anderson County Board of Control by the owners on their joint account to be rehandled and sold by the Board for them. The warehouse receipt which was issued by the Board was negotiable, and if Browning had sold the receipt the purchaser might have insisted that Crawford could not set up any lien against him. Crawford, to prevent this, obtained an injunction enjoining Browning from disposing of the receipt. The Anderson County Board of Control was made a party defendant to the action, and filed an answer in which it disclosed what property it had. If there was any defect in the notice delivered to the garnishee, specifying the property sought to be levied on, the defect was certainly cured by the petition to which the garnishee was made party defendant, and by the answer of the garnishee in the action.

It is insisted that as Browning asserted a lien upon the tobacco, he could not take out a general attachment under Section 194 of the Code and serve this upon the Board of Control, but that he could only take out a specific attachment under section 249 of the Code. The case of Garr Scott and Co. v. Lyons, 99 Ky., 672, is relied on. In that case it was held that the lien creditor could take out a general attachment, but that the general attachment could not be levied on the property on which he asserted a lien. Upon reconsidering the matter we conclude that the latter ruling is in conflict with the statute.

By Section 194 of the Code the plaintiff may have an attachment against the property of the defendant, if, among other things, he is a non-resident of the State or has departed therefrom with intent to defraud his creditors or has disposed of his property with a fraudulent intent to cheat his creditors, or is about to sell or remove it from the State with that intent. The statute is clearly intended to give all parties the right to take out a general attachment when the grounds specified in the

statute exist. On the other hand, Section 249 only applies to creditors having a lien on personal property or in actions for the recovery, partition or sale of such property, or by a plaintiff having a future estate or interest therein. Under this statute an attachment may issue if the property is about to be sold, concealed or removed from the State, or there is reasonable cause to believe this. An attachment may issue under this section when none of the grounds exist for an attachment under Section 194, as it will be observed that no fraudulent intent is required, the purpose of the section being plainly to preserve the property when there is danger of its being lost, concealed or removed from the State. A creditor might be entitled to an attachment under this section when he would not be entitled to a general attachment under Section 194. On the other hand, he might have ground for an attachment under Section 194, when he would not be entitled to an attachment under Section 249. Section 194 does not except out of its operations a lien creditor, and when a general attachment is issued under Section 194 it must be in the form provided by Section 199, which among other things, provides as follows:

"The order of attachment shall be directed and delivered to the sheriff, with as many copies thereof as the plaintiff may direct. It shall require him to attach and safely keep the property of the defendant in his county not exempt from execution, or so much thereof as will satisfy the plaintiff's claim specified in his affidavit, which shall be stated in the order, and the probable costs of the action, not exceeding thirty dollars; also to summon the garnishees to answer in the action on the return-day of the order, and to make due return thereof."

When an attachment is issued in the form as above provided, it is the duty of the officer to follow his writ and to attach and safely keep the property of the defendant in his county and to subject it to execution or so much thereof as may be necessary. That this is meant is placed beyond question by Section 212 which provides:

"An attachment binds the defendant's property in the county, which might be seized under an execution against him, from the time of the delivery of the order to the sheriff, in the same manner as an execution would bind it; and the lien of the plaintiff is completed upon any property or demand of the defendant by executing the order upon it in the manner directed in this article."

Under these provisions any property of the defendant which is subject to execution may be levied on under a general attachment, and it is not incumbent upon the sheriff when he receives a general attachment to examine and find out whether the plaintiff in the attachment has or claims a lien upon the property on which he is about to levy. It is simply his duty to follow his writ. The remedy provided by Section 249 is cumulative to the remedy provided by Section 194. Were the rule otherwise the creditor would be required to elect whether he would assert a lien on the property or take out a general attachment and levy upon it. There is no reason why the creditor should be required to make such an election, and there is nothing in the statute to show that Section 249 was intended to be exclusive of Section 194. The two sections are part of one statute: they provide a remedy for different states of case, and there is no reason why a lien creditor should be required to forego his lien in order to take out a general attachment as any other creditor may do under Section 194. An attachment may not issue under Section 194 unless the debt is due and it may be levied only on property subject to execution. An attachment may issue under Section 249 although the debt is not due and it may be levied on the property specified in it though not subject to execution; but when it is taken out under an alleged lien and the plaintiff fails to establish the lien, the attachment cannot be sustained. So the plaintiff who so takes out an attachment under Sec. 249 may lose his attachment when if he had proceeded under Sec. 194, the attachment would have been sustained. The plaintiff might be able to sustain by proof grounds for attachment under Section 194 when he could not sustain by proof the grounds for an attachment under Section 249. It would therefore follow that creditors in this class of cases would be denied a remedy allowed all other creditors and might unduly suffer if the remedy provided by Section 249 is held exclusive. We are satisfied that this is not the purpose of the statute and that all creditors are alike entitled to the remedy provided by Section 194. The case of Garr Scott and Co. v. Lyons, so far as it announces a different rule, is overruled.

Judgment affirmed.