### Kline v. Cofield, etc.

(Decided September 25, 1914.)

### Appeal from Breathitt Circuit Court.

1. Logs and Logging—Timber—Lien on for Money Advanced—Vendor and Purchaser.—A purchaser of logs who measures and brands them and makes an advance upon them to the vendor upon his

agreement to deliver them at the railroad station, has a lien on the logs for the money so advanced, which is superior to the rights of a subsequent purchaser with notice of the facts.

2. Liens—Attachment.—A lien holder may take out a general attachment and levy it on the property upon which he has a lien.

J. J. C. BACH and GRANNIS BACH for appellant.

E. C. HYDEN, G. W. FLEENOR, O. H. POLLARD and W. W. McGUIRE for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

F. E. Kline is engaged in the lumber business in the City of Louisville. Prior to March 27, 1907, she had been purchasing logs of S. K. Cofield. He applied to her for an advance on some logs which he had cut and had in the woods. She sent her agent to Breathitt County, and he measured the logs, branded them with her brand, and when the amount due on the logs was ascertained, she advanced to Cofield $2,000, he agreeing to haul the logs to the railroad station and there deliver them to her to be shipped to Louisville. He failed to haul the logs and in September she sent her son again to Breathitt County to see about the matter. Cofield said that he would pay her back the money, but this he failed to do. He then owed her a balance of $1,442.12, and she instituted this action on October 11, 1907, alleging in her petition in substance the facts we have stated, and charging that she had a lien on the logs for the amount due her. She took out a general attachment which was levied upon the logs. Cofield executed a bond for the forthcoming of the property, and retained the possession during the pendency of the action. B. F. Blankenship filed his petition in which he alleged that he was the owner of the logs by purchase from Cofield and denied the allegations of the plaintiff's petition. The case was submitted, and the court entered judgment in favor of the plaintiff, sustaining the attachment and directing a sale of the property. Cofield and Blankenship appealed. On the appeal it was held that the judgment was erroneous as to Blankenship, no answer having been filed to his petition. But the court indicating no error in the proceedings as to Cofield the effect of the opinion was to leave the judgment in force as to him. The difficulty as to Blankenship was that the circuit court seemed to have ignored Blankenship's petition, not ob-

serving that it had been filed of record. (See Cofield v. Kline, 124 S. W., 407.)

On the return of the case to the circuit court the plaintiff filed an answer to Blankenship's petition; proof was taken, and on final hearing the court entered a judgment in favor of Blankenship for the logs. The plaintiff appeals.

The proof is conclusive that Mrs. Kline by her agent measured the logs and placed her brand upon them in March, 1907, and then advanced Cofield $2,000 upon his contract to deliver the logs to her at the railroad station. He having failed to deliver the logs, she had as between her and Cofield, an equitable lien upon them for her advances; and in her action to enforce this lien, she could take out either a specific attachment for the logs or levy upon them under a general attachment. (Browning v. Cranford, 145 Ky., 279, 25 Cyc., 668; Cincinnati, &c. Warehouse Co. v. Leslie, &c., 117 Ky., 478).

The proof shows that Blankenship in July, 1907, was the surety of Cofield on two notes, and that Cofield then sold him the logs for $800, and that he was to pay for them by satisfying the notes, but when this arrangement was made between Cofield and Blankenship, Blankenship had full notice that Mrs. Kline had measured the logs and placed her brand upon them and had advanced the money to Cofield when the logs were in March measured and branded. The persons who did the work stayed at Blankenship's house and he then well understood what they were doing. The brand on the logs was notice to him. His own testimony as well as all the facts and circumstances leave no doubt in our minds that he made the arrangement with Cofield with full notice of Mrs. Kline's rights, and although his trade with Cofield was made some months before the levy of the attachment, he having notice of her lien, cannot hold the property against her. On the facts the circuit court should have dismissed Blankenship's petition.

Some complaint is made that the circuit court erred in striking out the second paragraph of the plaintiff's answer to Blankenship's petition, setting up a cause of action against him, but it is unnecessary to go into this as this matter can be presented in a separate action against Blankenship if necessary.

Judgment reversed and cause remanded for a judgment dismissing Blankenship's petition with costs.