## Thacker v. Cook.

## Same v. Keach.

(Decided November 21, 1930.)

C. H. BUSH for appellant

THOMAS P. COOK for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming as to Cook and dismissing as to Keach.

Ora Lee Thacker appeals from a judgment sustaining attachments against a certain fund and subjecting it to the payment of a claim of $150, interest, and cost, in favor of Keach, and $750, interest, and cost, in favor of Cook. The appeal as to Keach is now dismissed for want of jurisdiction; it being for too small a sum.

Cook's suit was under section 439 of Civil Code of Practice upon a return of "No property found." This suit was filed November 22, 1927. The Metropolitan Life Insurance Company and the Life & Casualty Insurance Company were served with orders of attachment, issued without a bond or affidavit as provided by section 441 of Civil Code of Practice, the first named on November 25, and the latter on November 26, 1927. Though duly summoned November 26, 1927, Mrs. Thacker did not answer then, or until about eighteen months thereafter. December 10, 1927, the Life & Casualty Company answered denying it owed Mrs. Thacker anything. January 2, 1928, the Metropolitan did the same. The case continued on the docket, and on July 5, 1929, alias attachments were issued, which upon July 9, 1929, were served upon F. E. Graves and Roy Holmon, composing the firm of Graves & Holmon. September 3, 1929, Graves & Holmon ans-

wered and admitted owing Mrs. Thacker $1,000. Thereupon Mrs. Thacker awoke, and on October 10, 1929, filed a special demurrer, without waiving that, filed a general demurrer, without waiving either, filed her motion to discharge the attachment, and, without waiving any of the foregoing, filed her answer.

### The Special Demurrer.

This plea questioning the jurisdiction of the court was filed because the attachment served upon Graves & Holmon was issued without an amended petition being filed and without any pleading making them parties to the suit, which was, so Mrs. Thacker contends, necessary in order to give the court jurisdiction. We shall discuss that later.

We give here a copy of the order of attachment that was issued, together with the indorsements and return thereon:

### Attachment.

"Commonwealth of Kentucky, Christian Circuit Court.

"Thomas P. Cook, Plaintiff, v. Ora Lee Thacker, etc., Defendant.

"Order of Attachment.

"To the Sheriff of McCracken County:

"You are commanded to attach and safely keep the property of the defendant Ora Lee Thacker in your County not exempt from execution, or so much thereof, as will satisfy the claim of Thomas P. Cook the Plaintiff in this action, for the sum of $750.00 with interest thereon at 6 per cent. per annum from the 26th day of Oct. 1927, until paid, and the further sum of $46.75 for the probable costs thereof, and you will summon the garnishees, to answer in the action on the first day of the next June term of said Court; and make due return of this order on that day.

"Given under my hand, as Clerk of the Court aforesaid, this 5th day of July, 1929.

"R. A. Croft, Clerk
"By J. Feland Clark, D. C."

INDORSEMENT.

"Christian Circuit Court.

"Thomas P. Cook, Plaintiff, v. Ora Lee
Thacker & Others, Defendant.

"To Graves and Holmon.

"The object of the within is to attach in your hands any sum of money you may be owing defendant, Ora Lee Thacker or Ora Lee Henderson Thacker not exceeding the amount of plaintiff's claim named within.

"This 5th day of July, 1929.

"R. A. Croft, Clerk."

OFFICER'S RETURN.

"Executed this Attachment July 6th, 1929, by delivering a copy of the same to each member of the firm of Graves and Holmon, Viz. F. E. Graves and Roy Holmon and by summoning said firm of Graves & Holmon to answer as said garnishee herein this July 9th, 1929.

"Emmet L. Holt, Sheriff,
"By Claude M. Graham. D. S."

The form of the attachment complies with section 199 of the Civil Code of Practice and we understand the brief on behalf of Mrs. Thacker as making no attack upon it for form. It was directed to the sheriff of McCracken county, and was executed by that officer; therefore nothing said in Menderson v. Specker, 79 Ky. 509, is applicable, and, as no motion was made or perhaps could have been successfully made to quash it or the officer's return upon it, that is behind us.

It will be seen the notice does not describe with particularity the property or debt sought to be reached in the hands of the parties garnisheed. It is true we held in Menderson v. Specker, 79 Ky. 509, that such was necessary, but in Bell v. Wood, 87 Ky. 56, 7 S. W. 550, 9 Ky. Law Rep. 917, that part of the opinion in Menderson v. Specker, 79 Ky. 509, was overruled, and to that holding we have since adhered.

When an order of attachment is served on a garnishee, it operates upon his conscience, and if, after such service, he pays to the debtor in the attachment any debt or claim of the debtor against him, he does so at his peril.

It is not necessary that the attaching creditor should in his notice describe any particular debt or claim, or indeed any claim at all, as the service of the order of attachment upon the garnishee affects everything the garnishee owes the debtor even though some or for that matter all of these debts or claims be unknown to the attaching creditor, and that the order of attachment served on the garnisheed creditor was based on, issued on, and caused to be served on the garnishee solely because the attaching creditor had a suspicion he might owe the debtor in the attachment something.

This order of attachment, served upon Messrs. Graves and Holmon, was issued without an affidavit or bond by virtue of section 441 of the Civil Code of Practice, which expressly so provides. The old cases cited above would conclusively settle the question, of specifying the debt, to be affected, against Mrs. Thacker, but, to make her position still more untenable, we call attention to an amendment added to section 203 of the code in 1886 to this effect (Acts 1886, c. 1163): "But no notice need be given in any case describing or specifying the debt or demand attached, but only a notice that the person or corporation to whom the order of attachment is delivered is summoned to answer as a garnishee on or before the day and time on which the case is set for trial."

Therefore we hold the notice was not defective for failing to specify the debt or claim sought to be subjected.

Burdine v. White, 173 Ky. 158, 190 S. W. 687, is not authority to the contrary, as that was an attachment served in an effort to reach a fund in court, and by section 207, Civil Code of Practice, such an attachment must be accompanied by a notice "specifying the fund."

As in Burdine v. White, 173 Ky. 158, 190 S. W. 687, and Bell v. Wood, 87 Ky. 56, 7 S. W. 550, 9 Ky. Law Rep. 917, we held notices signed by the clerk were good, and several sessions of the General Assembly have since been held, and no one has thought those decisions so contrary to the Code as to amend the Code; so we will have to hold this notice good.

By section 624 of the Civil Code of Practice it is provided that the notices mentioned in the Code must be in writing, and concisely state the purport thereof. This notice meets that requirement.

There has been much difference of opinion among the lawyers of the commonwealth as to who should sign

the notices required by section 203 of the Civil Code of Practice. In Carroll's Edition of our Code, p. 1029, he gives a form for this notice, and indicates it should be signed by the clerk, while in Edelen's Pleading and Practice, p. 467, he gives a form for this notice, and indicates it should be signed by the attaching creditor or his attor-. ney. We have said the notice given was good, and, were we to express an opinion upon any other form of notice, it would be mere dictum. Besides, the garnisheed creditors have answered, thereby waiving any defect in the notice had there been any. Caldwell & Co. v. James, 9 Ky. Law Rep. 893; Browning v. Crawford, 145 Ky. 279, 140 S. W. 530; 28 C. J. p. 224, sec. 302.

The next contention is that the court had no jurisdiction because Messrs. Graves the Holmon were not made parties defendant to the suit, but that question was decided otherwise in Halbert v. Vanceburg & Quincy Turnpike Road Co., 11 Ky. Law Rep. 721. The garnishee is not necessarily a defendant. Newman's Pleading & Practice (3d Ed.) sec. 455b; 28 C. J. p. 16. The garnishee, in the eyes of the law, is a mere stakeholder, a custodian of what is attached in his hands. The effect of the service of the notice upon him is to impound in his hands anything he may owe the debtor in the attachment.

By virtue of section 439 of the Civil Code of Practice, Cook could have made Messrs. Graves and Holmon defendants, but there is no provision that he must do so. If necessary, he could have made them defendants under that section or under section 227, but it was unnecessary here. It was so held in Sanders et al. v. Herndon, 122 Ky. 760, 93 S. W. 14, 29 Ky. Law Rep. 322, 5 L. R. A. (N. S.) 1072, 121 Am. St. Rep. 493.

Her next contention is the court was without jurisdiction because the order of attachment was not served on her. Our attention is not called to any provision of our law requiring such. That must be done in some states (6 C. J. p. 234, sec. 442), but not in this one. She had then been served with process, and was before the court, and had been so for more than eighteen months. She knew attachments had been issued and served on her supposed debtors without result. She knew this case was still on the docket, and that under our decision in Slaughter v. Mattingly, 155 Ky. 407, 159 S. W. 980, the plaintiff could at any time have the clerk issue alias or

plural attachments. See 2 R. C. L. p. 840, sec. 50; 6 C. J. p. 191, sec. 349.

Besides, why should the order of attachment be served on her? It does not direct her to do anything or notify her of any necessity for her to do anything. It directed the sheriff to seize her property and to summon the garnishees, etc. One could just as logically contend it is necessary to serve an execution upon the defendant therein. The special demurrer was properly overruled.

Her general demurrer, her motion to discharge the attachment, and the demurrers sustained to her answer are all grouped and discussed together in her brief, and all amount to a claim that this fund attached was money that was exempt to her as the widow of her husband and as a housekeeper with a family, and is based on these facts:

In October, 1926, Robert Lewis Thacker died, leaving the appellant, Ora Lee Thacker as his widow. He had certain policies of insurance on his life payable to Ora Lee Thacker. She sued on these policies, the companies defended, and, pending the litigation, one of the companies compromised the claim against it and paid the money to Messrs. Graves and Holmon for her, and in their hands it was garnisheed; $750 of this money she claims is exempt to her under subsection 5 of section 1403 of Ky. Stats., and the remainder she claims as exempt under that part of section 1697, Ky. Statutes, reading as follows: "Sufficient provisions, including breadstuff and animal food to sustain the family for one year." She says she is a housekeeper with a family and has no provisions on hand, but unfortunately for her, section 1697 of the Statutes makes no provision exempting other property in lieu of provisions for the family, if not on hand, so we will return to her $750 claim and discuss that.

If these policies had been payable to the estate of Robert Lewis Thacker, there might have been something in her contention, but they were not; they were payable directly to her and never became a part of her husband's estate; and her claim against this insurance company, after her husband's death, was a direct contract right to her.

Finding no error in the record, it is ordered that the judgment be affirmed as to Cook and dismissed as to Keach.