## Minter Homes Corporation v. Harris et al.

(Decided March 25, 1932.)

JOSEPH D. HARKINS for appellant.

W. C. GOBLE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On May 9, 1930, the board of education of Floyd county received bids for the erection of several school buildings in the county including a gymnasium at Maytown. Lee P. Harris and Elza Gearhart, partners doing business as Harris & Gearhart, submitted the lowest bid for the erection of the gymnasium, and their bid was accepted by the board of education. For a consideration of $800, they assigned their bid to C. E. Hale, who also had submitted a bid. The board of education consented to the assignment, and entered into a contract with Hale. On May 16, 1930, Hale executed to Harris & Gearhart his note for $800, due four months after date. He paid $100 on the note on June 21, 1930. On September 12, 1930, four days before the note was due, Harris & Gearhart brought suit, evidently intended as an equitable action for indemnity under section 237 of the Civil Code of Practice against C. E. Hale. An order of attachment was obtained which directed that the board of education of Floyd county be summoned to answer as garnishee. The following return was made on the order of attachment:

"Executed the within order of attachment on Floyd County Board of Education by delivering John Stephens County Supt. of Schools and of Board of Education. This Sept. 12, 1930. B. L. Sturgill, S. F. C."

On October 10, 1930, appellant, Minter Homes Corporation, brought suit in the Floyd circuit court against C. E. Hale to recover $1,021.06 balance due for building materials purchased from it by Hale and used in the construction of the Maytown gymnasium. An

attachment order was obtained, and the board of education of Floyd county was summoned as garnishee. The order of attachment was executed by delivering a copy thereof to M. V. Wicker, chairman of the board of education.

On November 8, 1930, the case of Minter Homes Corporation v. Hale was transferred to equity and consolidated with the Harris & Gearhart case. On November 19, 1930, the board of education filed its answer in the Harris & Gearhart suit in which it stated that it was indebted to Hale in the sum of $919 which it was holding subject to the orders of the court. On November 22, 1930, it filed a like answer in the Minter Homes Corporation case. The Minter Homes Corporation moved to quash the Harris & Gearhart attachment. The motion was passed to the hearing of the consolidated action on its merits. On the final hearing the court sustained both attachments, but adjudged Harris & Gearhart a prior lien on the funds attached in the hands of the board of education. The Minter Homes Corporation has appealed, and urges a number of grounds for a reversal of the judgment. One of these grounds is that the service of the order of attachment and garnishment upon the board of education is defective. We think that this ground is well taken, and it is therefore unnecessary to discuss or determine the other questions presented.

The board of education of a county is made a body politic and corporate by statute. Section 4399a-5, Kentucky Statutes. The chief officer of the board of education is the chairman. The order of attachment in the Harris & Gearhart case was not served upon the chairman of the board of education, who, it is conceded, was in the county, but upon the superintendent of schools, who is not the chief officer of the board of education, but only its secretary by virtue of his office. It is contended that the answer of the board of education cured any defect, if any, in the service of the order of attachment, and that at least a lien was then created which related back to the date of the attempted service, and the cases of City National Bank v. Gardner, 5 Ky. Law Rep. 689; Id., 5 Ky. Law Rep. 682, 12 Ky. Op. 458; and Paducah Lumber Co. v. Langstaff, 6 Ky. Law Rep. 445, 13 Ky. Op. 154, are cited. These cases merely hold that the lien attaches if the garnishee answers, although the service upon him was not sufficient to create a lien. In

the Paducah Lumber Company case the service on the garnishee was defective. The garnishee answered, and thereafter another creditor of the principal debtor garnisheed the same funds. The lower court held that the second attaching creditor's lien had priority. In reversing the judgment, the court said:

"If the garnishee had not answered in the case of Wenderson v. Spicker there would be no difficulty in sustaining the judgment below but here the answer was filed some months before the appellee's attachment issued. That answer identified the property or money attached and the debtor recognized the fact that it had been attached by answering and admitting the indebtedness. It was a lis pendens and although the service on the garnishee was defective, when he answered this defect was cured, no one else intervening by which a superior lien was created.''

The lien thus acquired does not relate back and overreach liens acquired prior to the filing of the garnishee's answer. Gockal v. Weighaus, 8 Ky. Law Rep. 784; Robinson & Co. v. Basham's Assignee, 6 Ky. Law Rep. 445; City National Bank v. Gardner, supra. Before the board of education had answered as garnishee, appellant had acquired a valid lien on the funds in the hands of the board, and, the service of the attachment in the case of Harris & Gearhart v. Hale being defective, appellant's lien is prior to appellee's, and the lower court erred in adjudging otherwise.

Judgment is reversed, with directions to enter a judgment in conformity herewith.