# Sutherland Bros. v. Stanley et al.

(Decided Sept. 29, 1933.)

ANDREW E. AUXIER and W. A. DAUGHERTY for appellants.

CHILDERS & BOWLES for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

On October 25, 1928, J. D. Hackney entered into a contract with the state highway commission for the construction of a state highway in Pike county. On November 30, Hackney entered into a subcontract with Sutherland Brothers for the construction of two and one-seventh miles of the highway. Hackney went to work, and after doing a large amount of work quit and left Sutherland Brothers to complete the contract on

418

the ground that they had failed to pay him, and that checks which they had given him were returned unpaid. After this, George F. Johnson, on March 6, 1930, brought suit against J. D. Hackney to recover $842.89, the balance due for goods sold and delivered to him. He took out an attachment, which was served on Sutherland Brothers as garnishees. On August 9, 1929, Floyd Blacburn brought a similar action against John D. Hackney, setting up a claim for $678.60, and in this action on March 29, 1930, Foster-Thornburg Hardware Company filed its petition setting up a claim for goods sold and delivered alleging that J. E. Stanley had guaranteed the account to the extent of $374.92, and praying judgment therefor. While these actions were still pending, J. E. Stanley, on January 29, 1931, brought an action in which he set up various claims against Hackney, in all amounting to $8,578, for which he prayed judgment. Sutherland Brothers were duly summonsed as garnishees. Hackney did not answer the petition, and on April 9, 1931, judgment by default was entered against him for items footing up $7,900. On April 13, 1931, Sutherland Brothers as garnishee filed answer, alleging that they owed Hackney $125.89, and no more. On April 16, 1931, the three actions were consolidated, and on April 17, 1931, J. E. Stanley, Geo. F. Johnson, and Foster-Thornburg Hardware Company filed an amended petition in the consolidated actions, in which, after denying that the answer of the garnishee was true, set up the facts above stated as to the contracts for the building of the highway, and alleged that the total amount coming to Hackney under the contract was $32,180; that Sutherland Brothers had paid on this contract $16,891.42, and were also entitled to certain deductions amounting to $3,808.40, leaving a balance due him on the contract of $11,480.29, which they prayed should be subjected to their debts, and judgment against Sutherland Brothers therefor. Sutherland Brothers were given ten days to file answer to the amended petition. They filed answer controverting its allegations, and pleading, in substance, that nothing was due Sutherland Brothers except the $125, which they had admitted.

The case was referred to a commissioner to make a settlement of the account. Much proof was taken before him by both sides. The commissioner on the evidence reported that there was a balance yet due Hack-

ney from Sutherland Brothers on the contract of $7,089.29. Exceptions were filed to the report, and on the hearing of the report the court allowed Sutherland Brothers an additional credit of $510 for penalties paid the state of Kentucky, also $125.89 for certain rock placed by J. D. Hackney on the land of another; also $237.44 for insurance paid by them for the employees of Hackney, making in all $837.33. In other respects the exceptions to the report were overruled, and the balance due by Sutherland Brothers to Hackney was fixed by the court at $6,216.96. Out of this sum the debts of Geo. F. Johnson and Foster-Thornburg Hardware Company were directed to be first paid, and the balance to J. E. Stanley. From this judgment Sutherland Brothers appeal. None of the other parties complain of the judgment.

The following grounds of reversal are relied on:

1. It is insisted that the petition of Stanley against Hackney is not sufficient to warrant a judgment against Hackney, in that it shows that Stanley was security for Hackney for certain sums, and it is not shown that he paid these sums. But there has been a default against Hackney for the money, and no appeal is taken from this judgment. It is a final order. Hackney might complain of this defect in the petition, but Sutherland Brothers are not prejudiced thereby, for the reason that Hackney is a party to this suit and they are only adjudged to pay to Stanley what they owe Hackney, and when they pay Stanley the payment will bind Hackney, and Sutherland Brothers will only be paying what they owe.

2. It is earnestly insisted that no judgment should have been rendered for Geo. F. Johnson or for Thornburg Hardware Company. But the record shows that Johnson took out an attachment, which was served on Sutherland Brothers as garnishees, and he was one of the parties upon whose motion the case was referred to the commissioner. The record does not contain any attachment taken out by Foster-Thornburg Hardware Company. But they alleged in their petition in the consolidated action that Stanley had guaranteed their debt to the extent of $374, and the judgment in their favor is for only this amount. Stanley might complain of this judgment, but Sutherland Brothers have no ground of complaint, for if the money was not going to Suther-

land Brothers it should have been adjudged to Stanley. As the parties were all before the court, it is immaterial to Sutherland Brothers whether this sum was adjudged to Stanley or the Foster-Thornburg Company.

3. It is insisted that no attachment was taken out on the amended petition under section 227 of the Code of Civil Practice, but this was unnecessary. The attachment had been taken out on the original petition. The garnishee had filed answer, and the only question was whether the answer was correct or not. The court had full power to require of the garnishee a true answer and enter judgment accordingly. The cases were all consolidated. The whole judgment against Sutherland Brothers is less than the debt of Stanley, as adjudged by the court. Hackney cannot complain of the final judgment previously entered, as he took no appeal and is bound thereby. Plainly Sutherland Brothers cannot complain that they were ordered to pay Stanley money, which as adjudged they owed Hackney.

4. Sutherland Brothers by an amended answer undertook to plead facts showing that Hackney did not owe Stanley as much as had been adjudged to him. The court properly declined to allow this amended answer to be filed. Hackney could not raise the question that he did not owe Stanley the amount adjudged him, for he was concluded by the judgment. The only question that Sutherland Brothers can properly raise is the amount that they owe Hackney. It is none of their concern how much Hackney owes Stanley, for all the parties were before the court, and when they pay the money under the judgment they will be fully protected. While a garnishee may make any defense against the attaching creditors that he could make against the principal debtor, he cannot, under the weight of authority, present the defense that the debtor does not owe the attaching creditor. Especially is this true where there has been a judgment against the debtor in favor of the attaching creditor. 28 C. J. pp. 274-276, secs. 386-389; Thacker v. Cook, 236 Ky. 159, 32 S. W. (2d) 738; 12 R. C. L. p. 830, sec. 66.

5. The garnishment was served on S. H. Sullivan, one of the members of the firm and its general manager. The firm filed its answer as garnishee without objection to the process, and when the amended petition was filed attacking the truthfulness of the answer of the gar-

nishee, and ten days was given the firm to answer the amended petition, it filed its answer to the amended petition without objection. It thus entered its appearance to the action without objection, and no question can be raised here now as to the sufficiency of the process. The case has been tried on the merits under these pleadings.

6. The claim attached was not a claim for unliquidated damages as asserted in the pleadings and shown by the proof. It was a claim for the balance due on a contract. The proof clearly sustains the pleadings to the effect that Hackney performed his contract until Sutherland Brothers failed to pay him pursuant to the contract, and then gave him checks which were not paid. Being unable to proceed further with the work without money, according to the proof for him, he made an arrangement with Sutherland Brothers to the effect that they would finish the contract for $2,500. They deny making this contract, but the proof as a whole very clearly shows that they did assent to his quitting and agreed to finish the contract. They are therefore only entitled to a credit on the contract for the reasonable value of the work they did. The claim for the balance is a claim under the contract and not a claim for damages, and is subject to attachment.

7. The judgment is not against the evidence. A number of disinterested witnesses were introduced who fixed the value of the work done by Sutherland Brothers at much less than they were allowed by the commissioner. The rule of this court is to give much weight to the findings of the commissioner on a complicated account like this when approved by the circuit court. Under this rule, and under the proof, the judgment on the facts cannot be disturbed. The fact is the weight of the evidence sustains the judgment, which infringes no substantial right of the appellants.

Judgment affirmed.