GIBSON et al. v. AUXIER.

Court of Appeals of Kentucky.

Oct. 23, 1953.

Rehearing Denied Feb. 26, 1954.

J. B. Stephenson, E. D. Stephenson, Pikeville, for appellants.

Dan J. Combs, Pikeville, for appellee.

STANLEY, Commissioner.

The question concerns the right of attaching creditors to recover $420 which had been retained by their debtor's employer upon a defective garnishment by another creditor, to whom the fund was adjudged.

On January 25, 1952, A. J. Auxier sued L. D. Huffman to recover $800 on a debt and had an order of attachment issued. A summons as garnishee issued for J. C. Collieries, Incorporated. It was served upon J. E. Robinson, auditor of the company.

On February 4, 1952, H. M. Gibson and J. E. Belcher, partners, d. b. a. B. & G. Motor Company, sued Huffman to recover $538 on a debt and an order of attachment was duly served upon J. C. Collieries, Incorporated and levied upon a certain truck. On March 3, 1952, the corporation was also properly served as a garnishee in this case.

Default judgments were entered against Huffman in both cases. They were then consolidated for the purpose of adjudicating the priority of the attachment liens. Before the judgments, J. C. Collieries, Incorporated, entering its appearance specially for the exclusive purpose, filed a motion to quash the return on the order of garnishment served upon the corporation in the

Auxier case because it had been executed by delivery to Robinson, who was not an officer of the corporation nor its business manager. Later Gibson and Belcher, partners, filed a like motion.

An order of attachment must be served upon an officer or agent of a corporation upon whom a summons should be served. Sec. 203, Civil Code of Practice (now KRS 425.225). Sec. 51 of the Civil Code of Practice provided that in an action against a private corporation the summons should be served "upon the defendant's chief officer or agent who may be found" in the county. Sec. 732(33) defined such chief officer or agent to be "First, its president; second, its vice-president; third, its secretary or librarian; fourth, its cashier or treasurer; fifth, its clerk; sixth, its managing agent." See now CR 4.04(5).

Robinson, upon whom Auxier's order of attachment was served, was neither an officer nor stockholder of the corporation nor manager of its business, but was employed as an auditor or bookkeeper. Part of his duties were to countersign with the president or vice president or treasurer all the corporation's checks. At the time of the service, the president, vice president and secretary-treasurer of the corporation all were present in the county and W. G. Wheeler, the president, had been designated as process agent of the corporation. Huffman, the debtor, deposed in an affidavit that after the garnishment he had requested Robinson to pay him his wages but Robinson had refused to do so because of the attachment. His affidavit related that Robinson had been served with other such orders upon numerous occasions, as shown by the court records.

The court expressed the opinion that the corporation had honored orders of attachment served upon Robinson and had held Huffman's money on the strength of this order; hence, that he was "in truth and in fact a chief officer" and, therefore, overruled the motions to quash the service. The court adjudged Auxier's garnishment priority over that of Gibson and Belcher. Their motion for an appeal is sustained.

The return of the sheriff on the summons as garnishee should have shown, if true, that none of the officers listed in the Code were available for the purpose of service, and should have shown that the person upon whom the order was executed was the corporation's chief officer in the county. Kentucky Bonding Co. v. Commonwealth, 178 Ky. 605; 199 S.W. 807; Morris v. Cumberland Producing & Refining Co., 187 Ky. 15, 218 S.W. 302; Missouri-Kansas Pipe Line Co. v. Hobgood, 244 Ky. 570, 51 S.W.2d 920. Service upon a bookkeeper as being a "manager" of a corporation when a vice president and general manager were in the county was held not good in Beattyville Coal Co. v. Bamberger, Bloom & Co's Assignee, 53 S.W. 31, 21 Ky.Law Rep. 830. Without service upon the proper officer, the corporation was not before the court in the Auxier case and the garnishment did not, therefore, legally catch the fund in its possession. The conclusion of the trial court that the garnishment was good seems to rest upon waiver for there is no other character of estoppel apparent.

In this jurisdiction a garnishment is the attachment of a fund or money owing the defendant as a security for the satisfaction of such judgment as may be recovered. Sec. 194, Civil Code of Practice (Now KRS 425.185). Section 212, Civil Code of Practice (Now KRS 425.270) declared, "the lien of the plaintiff is completed upon any property or demand of the defendant by executing the order upon it in the manner directed in this article." Garnishment is a proceeding in rem, and the garnishee is but a custodian of the fund attached. Thacker v. Cook, 236 Ky. 159, 32 S.W.2d 738; 38 C.J.S., Garnishment, § 2.

As stated, there was no valid service of Auxier's summons on the garnishee. There is no doubt a garnishee may waive service insofar as it is personally concerned. Thacker v. Cook, supra; United Collieries, Inc. v. Martin, 248 Ky. 808, 60 S.W.2d 125, 89 A.L.R. 971; Sutherland Bros. v. Stanley, 250 Ky. 417, 63 S.W.2d 487. But there was no voluntary appearance in this case. On the contrary, the garnishee sought to have the summons quashed.

The only incident in this case that could possibly be regarded as a waiver of service is the refusal of Robinson, the auditor of the garnishee corporation, to pay over the money due Huffman, the defendant in the action. It is not shown that Robinson had any authority to refuse payment or to give binding recognition to the defective service. An attempted waiver of process by an inferior agent not authorized by statute to receive service of process is not sufficient to bind a corporation as garnishee. 38 C.J.S., Garnishment, § 157. In any event, Gibson and Belcher obtained a garnishment lien within ten days of the abortive service of Auxier's process and it is not shown Robinson refused to pay Huffman before this. We find no merit in the claim of waiver or estoppel.

In Minter Homes Corp. v. Harris, 243 Ky. 210, 47 S.W.2d 1013, 1014, Harris & Gearhart, creditors of Hale, obtained an order of attachment directed to a county board of education as garnishee, and it was served upon the county superintendent. Three weeks later Minter Homes Corporation, another creditor, sued Hale and had summons as garnishee served upon the chairman of the board of education. The board first filed an answer in the Harris & Gearhart case and then in the Minter case, reporting that it held a fund owed to Hale subject to the order of the court. Minter moved to quash the Harris & Gearhart garnishment. The attachment in that case had not been served upon the proper officer of the board of education but it had in the later case. Harris & Gearhart contended that the filing of the answer by the board of education in their case cured any defect in the service and that a lien then created related back to the date of the attempted service; hence, their attachment was prior in time to Minter's. We pointed to previous cases holding that the lien attaches when the answer of a garnishee is filed and then becomes lis pendens although the service of the process is defective, but "the lien thus acquired does not relate back and overreach liens acquired prior to the filing of the garnishee's answer." Since Minter had ac-

quired a valid lien on the fund in the hands of the garnishee and the service in the Harris & Gearhart case was defective, their lien was subordinate to Minter's. The present is a stronger case for the second suitor, Gibson and Belcher.

The judgment is reversed.