**500**

Rhonda CRITTENDON, Administratrix
of the Estate of Gary Glenn
Saxon, Appellant,

v.

Theresa SAXON, Mother and Natural
Guardian of Amber Saxon,
Appellee.

No. 1998–CA–002108–DG.

Court of Appeals of Kentucky.

Nov. 24, 1999.

Rehearing Denied March 24, 2000.

Discretionary Review Denied
by Supreme Court Dec. 13, 2000.

Benjamin J. Lookofsky, Mayfield, for Appellant.

Randy L. Treece, Paducah, for Appellee.

Before: COMBS, HUDDLESTON and KNOPF, Judges.

*OPINION*

HUDDLESTON, Judge.

When Gary Saxon died intestate in 1994, his sole surviving heir was his infant daughter, Amber Saxon. Following Gary Saxon's death, the Workers' Compensation Board ordered that survivor benefits be paid to Amber. After the filing of a petition to probate the decedent's estate, Amber's mother, Theresa Saxon, entered the decedent's residence and, acting without authorization from Rhonda Crittendon, the Administratrix of Gary Saxon's estate, removed an undetermined amount of personal property. Subsequently, Theresa Saxon filed an affidavit listing items that had been taken, but the parties dispute whether that affidavit listed all of the items removed from the decedent's residence.

Theresa Saxon then petitioned Graves District Court claiming that she, as guardian of Amber, was entitled to the $7,500.00 personal property exemption authorized by Kentucky Revised Statutes (KRS) 391.030(1)(c). The district court determined that the workers' compensation benefits should not be included in the accounting of the $7,500.00 exemption given to children under KRS 391.030(1)(c), and Graves Circuit Court affirmed. We granted Crittendon's motion for discretionary review.

When a person dies intestate, KRS 391.030(1)(c) provides that an exemption for personal property in the amount of $7,500.00 shall be given "to the surviving spouse, or if there is no surviving spouse,

to the children surviving." Theresa Saxon was not married to Gary Saxon at the time of his death, so Amber was entitled to the personal property exemption.

Neither party contests the applicability of the exemption to Amber. Rather, Crittendon claims that the award made by the Workers' Compensation Board to Amber should be used to offset the exemption because her mother, Theresa Saxon, removed personal property from the decedent's residence.

KRS 342.730 dictates the manner in which workers' compensation benefits are awarded after the death of a disabled employee. KRS 342.730(3) provides, in pertinent part, that:

> Subject to the limitations contained in subsection (4) of this section, when an employee, who has sustained disability compensable under this chapter, and who has filed, or could have timely filed, a valid claim in his lifetime, dies from causes other than the injury before the expiration of the compensable period specified, portions of the income benefits specified and unpaid at the individual's death, whether or not accrued or due at his death, shall be paid, under an award made before or after the death, for the period specified in this section, to and for the benefit of the persons within the classes at the time of death and in the proportions and upon the conditions specified in this section and in the order named:
>
> . . . .
>
> (c) If there is no widow or widower but such a child or children, then to the child or children, fifty percent (50%) of the benefits specified in the award to one (1) child, and fifteen percent (15%) of those benefits to a second child, to be shared equally. If there are more than two (2) such children, the indemnity benefits payable on account of two (2) children shall be divided equally among all the children. . . .

Although Crittendon argues that the workers' compensation benefits should be used to offset the $7,500.00 exemption, the benefits were not paid directly to the estate and then distributed to Amber. Rather, KRS 342.730(3) clearly provides that the benefits are to be paid directly to Amber as the decedent's child. The $7,500.00 personal property exemption found in KRS 391.030 entitles Amber to an exemption of personal property *in* the estate. Thus, the exemption is inapplicable to the workers' compensation benefits.

As Kentucky's highest court observed in *Thacker v. Cook*,[1] insurance policy benefits payable directly to a beneficiary do not become part of the decedent's estate and cannot be used to offset a statutory exemption entitling the spouse to a certain amount of the decedent's property. The Court reached a similar conclusion in *Vandyke v. Vandyke*[2] where it stated that the spouse's exemption refers only to "property of which the deceased and the intestate spouse was the owner and died seized." Although *Vandyke* involved a spouse electing to take the exemption, it is analogous to this case because the Court used a similar rationale in reaching its conclusion.

Crittendon bases her appeal partially on an equitable argument—Amber should not be entitled to the $7,500.00 exemption because of Theresa Saxon's conduct. While this Court certainly does not condone Theresa Saxon's removal of personal property from the decedent's residence without the Administratrix's authorization, it would be unfair to punish Amber for Theresa Saxon's conduct.

The Graves Circuit Court judgment that affirmed the order of Graves District Court is affirmed.

ALL CONCUR.

---

1.  236 Ky. 159, 32 S.W.2d 738, 741 (1930).

2.  223 Ky. 49, 2 S.W.2d 1057, 1059 (1928). *See also* 1 James R. Merritt, *Kentucky Practice* § 306 (2d ed.1984).